## Illinois Central Railroad Company v. Mark Whiteaker, Administrator.

1. ORDINANCE—*when proof of, sufficient.* A printed pamphlet of ordinances purporting to be published by authority of the Board of trustees of the village which contains the ordinances in question, is sufficient proof thereof, notwithstanding such pamphlet was published at a time when the name of such village was different, where proper proof of the change of name was made.

2. ORDINANCE—*when prescribing duties of railroads applies for benefit of employees.* An ordinance which requires, among other things, that the bells of locomotives shall be rung while the same are running within the limits of a village, applies as well for the benefit of employees as for the public.

3. HABITS OF CARE—*when evidence of, competent.* The sobriety and cautious habits of the intestate may be shown where there was no eye-witness of the accident resulting in his death.

4. RETIREMENT OF JURY—*when refusal of court to order, not error.* It is not necessarily error for the court to refuse to order the retirement of the jury during the argument as to the admissibility of evidence and the ruling thereon.

5. EXPERT TESTIMONY—*when incompetent.* Expert testimony as to the ability or non-ability of the intestate to save himself from injury under conditions recited, is incompetent as usurping the province of the jury.

6. INSTRUCTIONS—*must not give undue prominence to particular facts.* Instructions are erroneous which give undue prominence to particular facts.

7. INSTRUCTION—*"while" and " at the time," held, subject to criticism.* The word "while" and the phrase " at the time," as used in the instructions given in this case, are held subject to criticism as not clearly indicating the time during which the intestate should have been in the exercise of due care.

8. MEASURE OF DAMAGES—*when instruction as to in death case, erroneous.* An instruction in an action on the case for death caused by the alleged wrongful act of the defendant is erroneous when it in no way limits the recovery to compensation for pecuniary loss or pecuniary injury.

Action on the case for death caused by alleged wrongful act. Appeal from the Circuit Court of Pulaski County; the Hon. ALONZO K. VICKERS, Judge, presiding. Heard in this court at the February term, 1905. Reversed and remanded. Opinion filed September 8, 1905.

W. W. BARR, L. M. BRADLEY, E. C. KRAMER, and R. J. KRAMER, for appellant; J. M. DICKINSON, of counsel.

FORMAN & WHITNEL, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was an action in case, in the Circuit Court of Pulaski County, by appellee to recover for the death of his intestate, who, it is alleged, was struck and killed by one of appellant's engines while he was engaged in the service of appellant as switchman, in its switch yards, at the village of Mounds. Trial by jury. Verdict and judgment in favor of appellee for $8,000.

Counsel for appellant asked a reversal of this case upon five principal grounds: That the trial court should have directed a verdict in favor of appellant; that improper evidence was admitted; that the trial court instructed the jury orally as to the law; that improper instructions were given on behalf of appellee; and that certain instructions asked on behalf of appellant were wrongfully refused.

The questions of ultimate fact involved in this case are the ones usually involved in cases of this class, and as the judgment must be reversed for errors of law and may be tried again, we will not discuss the evidence further than to say that we do not feel justified in holding that the evidence, with all reasonable inferences deducible therefrom, does not tend to prove appellee's right to recover. We are of opinion that the trial court did not err in refusing to direct a verdict.

As to the admission of evidence, counsel insist that the admission of the ordinances of the village of Mounds was improper for want of sufficient proof of authentication, and that it was irrelevant. A printed pamphlet of ordinances purporting to be published by authority of the board of trustees of the village of Beechwood was produced, accompanied by proper proof that the name of the village had recently been changed from village of Beechwood to village of Mounds. This we think, under the statute, is sufficient proof of the passage and publication of the ordinances.

The ordinance is as follows:

" §7.  The bell of each locomotive shall be rung continu-

ously while running upon any railroad track within the village limits, and every locomotive, engine or car or train of cars running in the night time on any railroad track in the village, shall have and keep a bright and conspicuous light at the forward end of such engine, car or train of cars. If such engine, car or train of cars be backing, it shall have a conspicuous light at the rear end of the same, so as to show the direction in which the same is moving. Any railroad company or corporation, or any agent or employee of such company or corporation who shall violate or fail to observe any of the requirements of this section, shall, on conviction, be fined not less than five nor more than one hundred dollars."

Counsel contend that this ordinance has no application to employees, where engines and cars are employed in switching service, in regular switch yards, and cite Elliott on Railroads, vol. 3, sec. 1258, and Aerkfetz v. Humphreys, receiver, 145 U. S. 418.

As we read the authorities relied on, they are discussing the common-law duty, and have no reference to duties imposed by statutes or ordinances. In I., I. & I. R. R. Co. v. Otstot, 113 Ill. App. 37 (44), the court, in speaking of the failure of appellant there, to ring a bell, says : " The rule is well settled in Illinois that a servant of a railroad company * * * in railroad yards * * * is entitled to all the rights afforded the public, by ordinance or statute * * * ." We are of opinion that the trial court did not err in admitting the ordinance in evidence.

Evidence was admitted tending to prove that appellee's intestate "was a sober man and that he was a careful and cautious switchman." This is assigned as error, but we think not well assigned. No witness saw him at the time of the injury, nor at any time so near the injury as to be able to state what his conduct actually was on the occasion of it. Under such state of evidence, proof of habits of sobriety and care and caution is admissible. In this connection arises the question as to oral instructions complained of. We are of opinion that, while it would have been fairer and better practice to have granted appellant's request to have the jury retire during the argument, and the ruling of the

court as to the admissibility of this evidence, still the re-
marks of the court, though in hearing of the jury, were
not an instruction to the jury as to the law of the case,
within the meaning of our statute requiring such instruc-
tions to be in writing.

The following hypothetical question was put to a switch-
man, who testified on behalf of appellee, and similar ques-
tions were put to other switchmen-witnesses : "Q. Suppose
a properly equipped engine to be used for switching pur-
poses is being used for switching purposes, with hand-holds
and foot-board, and a switchman in good health, a strong,
active young man, with some two or three years experience
as a switchman, the engine coming south, backing down on
track 'A,' suppose of the switch yards at Mounds, going
at the rate of four and a half or five miles an hour, of speed,
what would you say as to such man standing on the track,
if the engine approached him, being able to save himself by
use of hand-holds and foot-board on such engine ?" These
questions were admitted over appellant's objections.

Under the state of evidence in this case, this was material
error, calculated to confuse and mislead the jury without
throwing any true light upon any material issue in the
case.   Deceased's own statement, made so soon after the
injury as to be almost contemporaneous with it, "I never
heard them until they knocked me down and ran over me,"
shows clearly that there is no place in this case for expert
testimony as to the use that might under other circum-
stances have been made of hand-holds and foot-board as
means of saving one's self.

As to the instructions given on behalf of appellee, we
think but two of them are justly subject to serious criti
cism.   These are the 6th and 7th, and are as follows :

"6.   In passing upon the question of whether or not the
deceased Thomas H. Whiteaker was in the exercise of ordi-
nary care for his own safety at the time he was killed by
defendant's engine, if you believe he was so killed, it is
proper for the jury to take into consideration the age, size,
health and habits as to sobriety and carefulness, or want
of same, if shown by the evidence, and the fact that he had

a family, if shown by the evidence, together with the fact if proven that no whistle was sounded nor bell rung on said engine, the place where deceased was, his duties and work required of him if proven and all the facts and circumstances in proof before you, and after a full, careful consideration of all the evidence before you, you believe from the preponderance of all the evidence that the deceased at and before the time was in the exercise of such care as a reasonably prudent person similarly situated and surrounded, would exercise under like circumstances and surroundings, then you should find that the deceased was in the exercise of ordinary care for his own safety."

"7. You are instructed that if you find the issues in favor of the plaintiff, then in fixing the amount of damages to be allowed to the plaintiff, it is proper for the jury to take into consideration the age of the deceased at the time, the amount of his earnings and the amount contributed to the support of his next of kin, who constituted his family and next of kin, and all other facts and circumstances in proof before you, and fix the amount of plaintiff's damage, at such sum as you may believe him entitled to under all the evidence in the case not exceeding the sum of ten thousand dollars."

The sixth instruction calls special attention to certain features of the evidence thereby giving them undue prominence, and it was especially improper in this connection to call the jury's attention to the fact that deceased had a family as a circumstance tending to prove due care, a fact so far removed from the issue and bearing so remotely, if at all, upon it, and to leave unmentioned so many potent features of the evidence tending to prove want of due care. The court should have been content with telling the jury that they should determine that issue from all the evidence and facts and circumstances in evidence, with respect thereto.

There is no language in the seventh instruction in any way limiting the recovery to compensation for pecuniary loss or pecuniary injury. Instructions in this character of case, that do not contain this limitation in some form are vicious, and have many times been condemned. In the principal case relied upon by counsel for appellee, here, the

case was only saved by peculiar averments in the declaration to which the defective instruction referred. And further, any reference to the amount of the *ad damnum* in an instruction as to the measure of the damages, has often been criticised and sometimes condemned.

As to all of appellee's instructions, except the sixth and seventh, we think them substantially correct, but under the peculiar facts of this case, the criticism of the expression, "at the time," as used in the third, and "while" as used in the fourth and fifth, with respect to due care and caution, is not without some force. These expressions might well be required to be so enlarged as to make it clear that they include antecedent time as well as the mere instant of the injury.

We are of opinion that all of appellant's refused instructions were properly refused, except the seventh, which is as follows:

"7. The court instructs the jury that if you believe from the evidence in this case that the deceased, Thomas H. Whiteaker was not in the discharge of his duties as switchman at the time he received his fatal injuries then the plaintiff is not entitled to recover and you should find the defendant not guilty."

This instruction should have been given. The state of the evidence is not such as to exclude all inference that deceased may have been at the place of the injury on some mission of his own not pertaining to his duties as switchman at the time he was struck, and if so, there could be no recovery under any count of the declaration. Appellant had the right to have this question submitted to the jury.

For the errors above indicated, the judgment of the Circuit Court is reversed and the cause remanded.

*Reversed and remanded.*