LILLIAN WILLEVER, ADMINISTRATRIX, v. DELAWARE. LACKAWANNA AND WESTERN RAILROAD COMPANY.

Submitted December 3, 1914—Decided June 24, 1915. ·

1. A workman, employed in a railroad yard, where trains for both intra-state and interstate commerce are made up, is engaged in interstate commerce, and is within the protection of the Federal Employers' Liability act. 35 Stat., p. 65, ch. 149.

2. The decedent, a section foreman of the defendant company, while crossing a track in defendant's yard, used for breaking up, temporary storage and making up of trains, was struck by a train which was being backed down the track by a yard engine, moving about as fast as a man walks, no warning being given to decedent of the approach of the train. Held, that decedent must have known of the constant movement of trains in the yard, and that it was not negligence on the part of the defendant, under the circumstances, to fail to warn him of the approach of the train.

3. Where it was the uncontroverted fact that it was a part of the duty of every section foreman to protect not only himself, but also the men under him from damage arising from the movement of engines, cars and trains, and that decedent was so instructed when he was appointed foreman, the company owed him no duty of giving him warning of the approach of the train.

---

On appeal from the Hunterdon Common Pleas Court.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and MINTURN.

For the appellant, *Frederic B. Scott.*

For the respondent, *Elinor R. Gebhardt.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.   This is an action brought by the administratrix of a deceased employe of the defendant company to recover compensation for his death, which occurred while engaged in the performance of the duties of his employment at the company's Port Morris yard in Morris county, on the 11th of December, 1913.   The appeal is taken by the defendant from a judgment entered on a verdict in favor of the plaintiff.

The plaintiff's right of action is based upon the Federal Employers' Liability act of 1908 (35 *Stat., p. 65, ch.* 149), which provides that every common carrier by railroad while engaged in commerce between any of the several states shall be liable in damages to any person suffering injuries while he is employed by such carrier in such commerce, or, in case of the death of such employe, to his personal representative, for such injury, or death, resulting in whole or in part from the negligence of any of the officers, agents or employes of such carrier.

The decedent was a section foreman of the defendant company, and he and the men under him were required to keep in order the tracks and switches in the Port Morris yard. This yard was used for the breaking up, temporary storage and making up of trains which were devoted to interstate, as well as to intra-state, commerce.   Decedent had held the position of foreman for five years preceding the date of his death. Shortly before the accident occurred he was at work with his gang repairing certain switches in the yard.   He left these switches to go to some other point in the yard—where, or for what purpose, the evidence does not show.   As he was crossing track No. 5 he was run down at the switch con-

necting that track with another by a freight train which was being backed down the track by a yard engine, and which was moving about as fast as a man walks. The testimony showed that no warning was given to the deceased by those in charge of the movement of this train, or by any other employe of the company, of its approach.

The appellant seeks to reverse the judgment under review upon two grounds—*first*, that the facts do not show that the decedent was employed in interstate commerce at the time of his death; and *second*, that they will not support the conclusion that such death resulted to any extent from the negligence of any of the officers, agents or employes of the appellant.

We do not think the first contention of the appellant can be sustained. In the case of *Pedersen* v. *Delaware, Lackawanna and Western Railroad Co.*, 229 *U. S.* 146, the plaintiff was employed by the defendant company in the repair of a bridge near Hoboken, in this state, over which the tracks of the defendant company were laid. The bridge, and the tracks upon it, were being regularly used in both interstate and intra-state commerce. While engaged in this work the plaintiff was run down and injured by an *intra-state* passenger train. It was held that the accident occurred while the defendant company was engaged in commerce between the states, and while the plaintiff was employed by the defendant in such commerce. The present case cannot be distinguished from the cited one in its legal essence, so far as this phase of it is concerned.

The second ground of appeal, however, namely, that the proofs fail to disclose negligence on the part of the company, its agents or employes, which produced the death of plaintiff's decedent, is, we think, well taken. The yard in which the accident occurred was a very extensive one, containing many tracks, and requiring the use of three switch engines constantly, and of a fourth one for more than half the time. During the month of December, in which the accident happened, an average of more than three thousand cars were moved in and out of the yard, and shifted about therein,

daily. As has already been stated the train which ran down the decedent was moving at a very slow rate of speed. The facts recited are so similar to those which were present in the case of *Aerkfetz* v. *Humphreys, Receiver,* 145 *U. S.* 418, that we cannot do better than cite the language of the court in that case in dealing with the question of the negligence of the defendant, as expressive of our own view in the present case, viz.: "The plaintiff was an employe, therefore the measure of duty to him was not such as to a passenger, or a stranger. As an employe of long experience in that yard he was familiar with the moving of cars forward and backward by the switch engine. The cars were moved at a slow rate of speed. * * * He knew that the switch engine was busy moving cars and making up trains, and that at any minute cars were likely to be moved along the track upon which he was working. * * * There could have been no thought or expectation on the part of the engineer, or of any other employe, that he would pay no attention to his own safety. Under such circumstances what negligence can be attributed to the parties in control of the train, or the management of the yard? They could not have moved the cars at any slower rate of speed. They were not bound to assume that any employe familiar with the manner of doing business would be wholly indifferent to the going and coming of the cars. There were no strangers whose presence was to be guarded against. The ringing of bells and the sounding of whistles on trains going and coming, and switch engines moving forwards and backwards, would have simply tended to confusion. The person in direct charge had a right to act on the belief that the various employes in the yard, familiar with the continuously recurring movements of the cars, would take reasonable precaution against their approach. The engine was moving slowly, so slowly that any ordinary attention on the part of the plaintiff to that which he knew was a part of the constant business of the yard, would have made him aware of the approach of the cars, and enabled him to step one side as they moved along the track. It cannot be that under these circumstances the defendants were compelled

to send some man in front of the cars for the mere sake of giving notice to employes who had all the time knowledge of what was to be expected. We see in the facts as disclosed no negligence on the part of the defendant."

In addition to the factors which were present in the cited case, and which led the federal court to the conclusion that no negligence chargeable to the defendant had been exhibited, it was shown in that now before us, and was uncontroverted, that it was a part of the duty of every section foreman in the defendant company's employ on that division of its road, to protect not only himself, but also the men under him, from danger arising out of the movement of engines, cars and trains, and that the decedent was so instructed when he was appointed to that position. In the case of *Precodnick* v. *Lehigh Valley Railroad Co.,* 74 *N. J. L.* 566, where a similar obligation of self-protection was shown to have been imposed, it was held by the Court of Errors and Appeals that the defendant company owed no duty to the plaintiff's decedent (who was run down and killed while at work repairing tracks) of giving him warning of the approach of the train. That decision is, of course, controlling upon us.

It is argued on behalf of the appellant that this case is distinguishable from those which have been cited because of the existence of a rule of the company which was put in evidence, and which reads as follows: "When cars are pushed by an engine a man must take a conspicuous position on the front of the leading car, and signal the engine man in case of need." But there is nothing in the wording of this rule to suggest that it was promulgated for the protection of employes engaged at work in the defendant company's yards; and the proof is uncontradicted that it has no application to the movement of engines and cars therein, but is only for the guidance of employes upon trains moving upon the road itself.

The judgment under review will be reversed.