[No. 6329.]

## DONLEY v. BAILEY.

1. **Admissions—Negotiations for Compromise—A** distinct admission of liability, or of any independent material fact, though made during negotiations for a compromise, is admissible in evidence against the party making it. So of an offer to pay a sum certain, if made with the intent to admit that such amount is in fact due, otherwise, if made merely to purchase peace.—(376)

The intent of the party in making the offer is a preliminary question, to be determined by the court, or, under certain circumstances, by the jury. If the finding of the preliminary question is against the evidence this may be assigned for error.—(378)

The evidence examined and held to support a finding that the offer to pay a certain sum was intended as an admission that so much was in fact due.—(378-380)

2. Instructions—Nondirection, is not error.—(380)

3. Interest—Money Due on Account—Under sec. 3162, Rev. Stats., one who has by procuring a lease of lands for another, earned a fixed sum as a commission, is, entitled to interest thereon from the day upon which the commission became due.—(381, 382)

4. Words and Phrases — The phrase "Money Due on Account" in the statute regulating interest, includes a stipulated sum earned as a commission for procuring a lease of land.—(382)

*Appeal from Boulder District Court* — Hon. JAMES E. GARRIGUES, Judge.

Mr. O. A. JOHNSON, and Mr. C. A. PRENTICE, for appellant.

Mr. NORTON MONTGOMERY, Miss ELIZABETH M. BROWN, and Mr. H. WENDELL STEPHENS, for appellees.

Mr. JUSTICE MUSSER delivered the opinion of the court:

This action was brought to recover a commission of $500.00 and interest thereon, alleged to have been earned by the plaintiff in procuring a lessee for coal lands of the defendant, upon terms satisfactory to the latter. The complaint alleged that the defendant agreed to pay the plaintiff $500.00 if the plaintiff would procure a purchaser for the property, or one who would enter into a lease thereof satisfactory to the defendant, and that the plaintiff did procure for the defendant a prospective buyer or lessee for the coal lands, with whom the defendant entered into a satisfactory lease. In his answer, the defendant admitted that he entered into a contract to pay the

plaintiff $500.00 to procure a purchaser for the said premises, but denied that he ever entered into any contract to pay him any sum for procuring a lessee. The jury returned a verdict for plaintiff in the sum of $542.00, and from a judgment upon this verdict the defendant appealed.

The first assignment of error discussed by the appellant relates to the admission of certain testimony, which, it is claimed, was inadmissible because it was an offer of compromise on the part of the defendant. A Mr. Linkletter had seen the defendant on behalf of the plaintiff, and afterwards there was a meeting in Mr. Linkletter's office. With reference to this meeting, the plaintiff testified: "Mr. Linkletter was present and Mr. Donley says, 'I came up to see if we could fix up our matter.' And I says, 'all right, Joe, I have written out an order for $100.00 payments, commencing on the 15th of February and payable in five months at $100.00 a month, which order would be accepted by the Brooks-Harrison Fuel Co., that is Mr. Brooks,' and Donley says, 'Is Ed Coats in this deal?' I says, 'No, sir, Ed Coats is not in this deal, this is our own deal, mine and yours.' Donley says, 'Well it is too much; I will give you $250.00.' " It is to this last testimony, relative to the offer to pay $250.00, that the appellant specifically objects in his brief, because, as he says, it was an offer to compromise. It has been decided several times in this state that offers made during negotiations, looking toward a compromise, and made only for the purpose of avoiding litigation, are inadmissible.—*Patrick v. Crowe*, 15 Colo. 543; *C. B. & Q. Ry. Co. v. Roberts*, 25 Colo. 229; *Thomas v. Carey*, 26 Colo. 485.

In the case of *Patrick v. Crowe*, the offer was made by way of compromise to avoid litigation, and it was said that if either party, in the course of

negotiations, admitted any independent fact, such admission, if material, might be proper evidence against the party making it, or as elsewhere expressed, the admission of liability is receivable in evidence even if made during the course of an attempt to compromise. In the *Roberts case,* the court specifically found that the letter admitted, when read in the light of the circumstances of the case, was an offer made by way of compromise to avoid expense and litigation and was not an acknowledgment of liability. In the *Carey case,* it is again specifically found that the offer did not amount to an admission of liability upon either of the items sued upon. Hence, an admission of actual liability even during negotiations for a compromise or an offer of payment which admits actual liability is not within the rule of exclusion announced in those decisions. This matter can be best illustrated by quotations from other authorities. In *Hartford Bridge Co. v. Granger,* 4 Conn. 142, 148, it is said:

"The law on this subject has often been misconceived; and it is time that it should be firmly established. It is never the intendment of the law to shut out the truth; but to repel any inference which may arise from a proposition made, not with design to admit the existence of a fact, but merely to buy one's peace. If an admission, however, is made, because it is a fact, the evidence to prove it is competent, whatever motive may have prompted the declaration. * * * The question to be considered is, what was the view and intention of the party in making the admission; whether it was to concede a fact hypothetically, in order to effect a settlement, or to declare a fact really to exist."

In *Colburn v. Groton,* 66 N. H. 151-156, it is said:

"The preliminary question always is, not merely whether an admission of a fact was made during a settlement or negotiation, but whether a statement or act was intended to be an admission. It is a question, not of time or circumstances, but of intention. On that question the time and circumstances may be material evidence. * * * An offer of payment, whether accepted or rejected, is evidence, when the party making it understood it to be, and made it as, an admission of his liability. It is not evidence when he made it for the purpose of averting litigation, not intending to admit his liability."

In *Pentz v. Penn. Fire Ins. Co.*, 92 Md. 444, it was said:

"He was then asked what offer of settlement he had made, and the court upon the objection of the defendant excluded the question. The word settlement, as ordinarily used, may mean a compromise for peace's sake of a claim, the validity of which is denied or it may signify the payment of a claim to the extent to which it is conceded to be due. If the witness in the present case, by the use of the expression settlement, meant a compromise in the strict sense of a claim under the policy, although no loss was admitted, evidence of the compromise was not admissible. If, on the contrary, he meant, as his previous answers seem to indicate that he did, that there was a conceded loss under the policy which he wished to settle, the dispute being merely as to the amount of the loss, the evidence was admissible * * * as sufficient evidence to go to the court, sitting as a jury, from which he might infer that the refusal to pay a greater amount of loss was upon other grounds than failure to furnish proof of loss, and that, therefore, there had been a waiver by the defendant of such proof."

Thus it appears that before the admissibility of the evidence offered can be determined, a preliminary inquiry must be made as to whether or not the offer to pay an amount in settlement of a claim contained or was an admission of real or absolute liability, or made merely by way of compromise to avoid litigation or to otherwise purchase peace, without intending to admit any real liability. If the former, it is admissible; if the latter, not admissible. The question involved is one of fact, to be determined by the court or by a jury under certain circumstances.— *Colburn v. Groton, supra.* The finding of fact, in such a case, if against the evidence, is error, the same as the finding of any other material fact would be error when against the evidence. In the decisions cited from our own court, the offers of payment therein referred to were clearly made, merely by way of compromise to purchase peace without admitting real liability, and hence the lower courts, in finding that the offers were admissible, committed error. In determining this preliminary question of fact, the intent of the party must be sought. In the *Roberts case, supra,* our court resorted to the circumstances of the case and read the letter which had been admitted in the light of those circumstances. Indeed, as is seen from the above quotations from the opinions of other courts, the time when, and the circumstances under which, the offers of payment were made may be resorted to for the purpose of determining the intent of the party making it. Let resort be had to the time and circumstances of the offer in the present case. Prior to the meeting in Mr. Linkletter's office, Mr. Linkletter had seen the defendant on behalf of the plaintiff, and with reference to this, testified: "I went to Denver at the request of Mr. Bailey to see Mr. Donley, and to get an order from Mr. Donley to the Brooks-Harrison Fuel Co. for

$500.00. The orders were made out. Mr. Donley said he did not owe Mr. Bailey $500.00, but that he did owe him $250.00. He would pay him no more for the reason that Mr. Coats claimed $250.00 and he wasn't going to pay both." Here is a direct and unqualified admission, by the defendant, of actual liability. A few days after this, Mr. Linkletter and the plaintiff and the defendant met, and at that meeting the offer to pay $250.00, which is objected to as evidence, was made. The defendant said, "Well it is too much; I will give you $250.00." In the light of the admission of liability he had made a few days before, it is not unlikely that the defendant meant the same thing at this meeting. He did not deny any liability. He said that $500.00 was too much, fairly implying that he did owe the plaintiff something, especially in the light of his previous admission. Elsewhere in the testimony of plaintiff, it appears that the defendant requested another party to see the plaintiff and settle with him for $250.00, but he did not claim to this party that he did not owe the defendant anything. In fact, nowhere in the record, so far as the evidence on behalf of the plaintiff is concerned, does it appear that the defendant ever denied liability, or that he ever, expressly or impliedly, put his desire to pay $250.00 upon the ground that while he did not owe anything, he was willing to pay that sum to avoid litigation. Nor does it appear from the evidence on behalf of plaintiff that the defendant ever disputed his liability. Under this state of the evidence, the court held, in effect, that by the offer the defendant admitted actual liability and it was not an offer merely by way of compromise to avoid litigation. Such a finding of fact by the court was clearly supported by the evidence, and this court will not, under those circumstances, disturb the finding. It is true that the defendant denied the testimony on

behalf of plaintiff and said that he expressly denied liability, but offered to pay $250.00 by way of compromise to avoid litigation. This evidence was merely in conflict with the evidence of the plaintiff, and on such conflicting evidence, the finding of the lower court will not be disturbed. It is said in *Colburn v. Groton, supra,* that "when the evidence of intent is 'conflicting and the result doubtful,' the question whether an offer of payment was an admission of liability may be submitted to the jury, with instructions that they are 'to ascertain the meaning of the party making .it, and * * .* inquire and consider what were the views and intention of the defendant in making it; that if, viewing it in this way, they should find that' it 'was intended by him as an admission of a fact, then it' is 'to be considered by them as evidence; otherwise, they' will 'lay it out of the case.'" The lower court, however, was not. asked to leave this matter to the jury or to instruct it with reference thereto. If the defendant desired the jury to consider it, he should have requested an instruction to that effect. A mere nondirection is not error.—*Brown v. The People,* 20 Colo. 161; *Highlands v. Raine,* 23 Colo. 295; *Mining & Milling Co. v. Prentice,* 25 Colo. 4.

The defendant also complains because the court refused to permit him to prove that he had an offer from another party to take a lease upon the property and the defendant refused to consider it because he wanted to sell the property, and did not want to lease it. The defendant claims that this testimony would tend to rebut the testimony of plaintiff, that the defendant offered to pay him to obtain a lessee. It appears from the record that this offer by another party to take a lease was after the contract between plaintiff and defendant was entered into. This testimony was certainly irrelevant. The defendant also says

that the court committed error in instructing the jury that if they found for the plaintiff, their verdict should be for $500.00 and interest from the date that the lease was entered into, at eight per cent. per annum. If the jury found for the plaintiff at all, their verdict would have to be for $500.00, because that was the amount of the commission under the contract alleged by plaintiff, and supported by his evidence, while the answer and the evidence of the defendant denied the contract alleged, as well as all liability. The jury found for plaintiff. The amount he was entitled to was liquidated and due upon a contract for services. It became due when the defendant entered into a lease with the person produced by plaintiff. This date was fixed by the testimony. If it was money due on account, it bore interest under the provision of sec. 3162, Rev. Stats. 1908, which, so far as pertinent here, provides that: "Creditors shall be allowed to receive interest when there is no agreement as to the rate thereof, at the rate of eight per cent. per annum, * * * on money due on account from the date when the same became due."

The word "account" has various meanings and is used in a variety of ways and senses, many of which would not include the claim sued on in this case. An account arises out of contract or some fiduciary relation. Its ordinary commercial usage is to refer to a claim or demand growing out of the sale of goods, the performance of services and the like. When used alone, without words of limitation, extension, qualification or explanation, it is sometimes equivalent to the word "claim" or "demand," when referring to an indebtedness arising out of contract or some fiduciary relation.—*Morrisette v. Wood,* 128 Ala. 505; *Southern Kan. Ry. Co. v. Gould,* 44 Kan. 68.

In this sense, the claim of plaintiff was money due on account, and as the statute does not limit or qualify the meaning of the word "account," as therein used, it must include the claim sued on in this case, and the plaintiff was entitled to interest from the time the claim became due, it being liquidated.

Inasmuch as all of the assignments of error, discussed by the defendant, have been considered and no error is apparent, the judgment is affirmed.

*Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE BAILEY concur.