## No. 9371.

## EMPSON PACKING COMPANY v. HOPKINS.

1. PLEADINGS—*Matters not Alleged,* and as to which there is nothing definite in the proofs are not regarded in the court of review,

2. *Allegations not Denied.* An amount certain demanded in the cross-complaint was not in dispute. An instruction to the jury to find for the defendant as to this, with interest, was approved.

3. INTEREST—*Upon an Account,* allowed.

4. CONTRACT—*Non-Performance Upon Request.* Non-delivery of goods sold, at the request of the purchaser, is justified by such request. The vendor is not required to take any action to prevent injury to the buyer by reason thereof; and the seller may recover any injury which he sustains by his compliance.

5. TRIAL—*Instructions.* Action for goods sold. No question was raised as to the delivery. An instruction not confining the delivery "to reasonable hours" was properly refused.

*Error to Weld District Court, Hon. Robert G. Strong, Judge. Department One.*

Mr. JOSEPH C. EWING, for plaintiff in error.

Mr. WALTER E. BLISS, Mr. CHARLES F. TEW, for defendant in error.

Opinion by Mr. Justice Teller.

PLAINTIFF in error sued defendant in error for breach of a contract to deliver to it a large quantity of cabbage.

Defendant answered, alleging that the plaintiff had not been ready to receive said cabbage when mature, and had requested him to delay delivery, promising, at the same time, to accept such heads of cabbage as might, in the meantime, have bursted, provided they had not begun a new growth; and that when he finally began delivery of the cabbage the heads which were bursted were, contrary to said promise, rejected, though new growth had not started; in consequence of which action on the part of plaintiff, defendant had ceased to deliver cabbage when a little more than one-half of the quantity named in the contract had been delivered.

By way of cross-complaint, defendant set up that he had been damaged by said action of the plaintiff, and prayed judgment for damages.

On the trial it appeared that defendant had, prior to the delivery of cabbage, sold and delivered to the plaintiff some

beans, peas, etc., the purchase price of which was not in dispute.

The court instructed the jury that, as to this item, and the amount admittedly due for the cabbage delivered, they should find for defendant in said admitted sums, with interest in a stated sum.

Complaint is made of this instruction on the ground that from the sum due for beans, etc., a deduction should have been made for cabbage plants furnished defendant by plaintiff; and, further, that the account was not subject to interest.

The complaint made no reference to a charge for cabbage plants, and, in stating the account, charged defendant only for the excess cost of the cabbage purchased in the open market to make up the quantity defendant agreed to furnish.

The answer to the cross-complaint contained no set-off against defendant's claim for pay for beans, etc.

There was evidence of the furnishing of the plants, but nothing definite on the question of payment.

The court was, therefore, warranted in accepting the sums named in the complaint as the total claim of plaintiff.

The amounts named in this instruction were not disputed, except for this claimed offset, which had no place in the case under the pleadings, and there was no error in stating to the jury the amounts of said items.

Interest was allowable on the account.  *Donley v. Bailey,* 48 Colo. 373, 110 Pac. 65.

Error is assigned on Instruction 7 because it makes no reference to this claim for cabbage plants. For the reason above stated, the objection is not good. It is charged that it is erroneous also because it does not instruct the jury that the defendant could have saved much of his loss by marketing his cabbage instead of waiting for the packing company to take it.

Under the pleadings and evidence in the case, no such instruction was required. The defendant's evidence was that he held back the delivery of the cabbage because requested so to do by the plaintiff. Any injury suffered by the de-

fendant because of his complying with this request is recoverable and he was not required to take any action to protect plaintiff from the results of its request. The other criticisms of Instruction 7 are clearly without merit.

Objection is made to Instruction 8 upon the ground that it did not confine the delivery to reasonable hours. No question was raised as to the manner of delivery, and such modification of the instruction was not called for.

The same remark applies to the objection to Instruction 9.

The objections to Instructions 11, 14 and 15 are trivial and need no consideration.

We find no error in the refusal of the several instructions tendered. The instructions given fully covered the law in the case, and the issues were presented to the jury fairly and fully upon the plaintiff's theory of its action.

The judgment is accordingly affirmed.

Chief Justice Garrigues and Mr. Justice Burke concur.