## No. 12,386.

DENVER AND SALT LAKE RAILWAY COMPANY *v.* LOMBARDI.

(287 Pac. 648)

Decided April 21, 1930.  Rehearing denied May 12, 1930.

Messrs. SMITH, BROCK, AKOLT & CAMPBELL, Mr. D. W. OYLER, for plaintiff in error.

Mr. A. X. ERICKSON, Mr. ROBERT J. KIRSCHWING, Mr. ALBERT E. SHERLOCK, Mr. EMORY L. O'CONNELL, for defendant in error.

*In Department.*

Mr. Justice Moore delivered the opinion of the court.

Frank Lombardi sued the railway company to recover damages for injuries occasioned by defendant's alleged negligence and obtained a verdict and judgment in the district court which the railway company now seeks to review.

Of the several acts of negligence alleged in the complaint only one need be incorporated herein. It is charged that the plaintiff while in the performance of his duty as section foreman was engaged in moving falling rock and debris from defendant's roadbed; that because of the possibility of additional rock falling at the place where he was working and of the danger incident thereto, he stationed John Quintano, one of defendant's section hands, as a lookout and guard to warn him of falling rock and debris; that while so engaged plaintiff was struck by a falling rock and received a depressed fracture of the skull; that Quintano, in the exercise of reasonable care, should and could have seen the falling rock in time to warn the plaintiff, who thereafter in the exercise of reasonable care could have avoided the accident; that Quintano failed to observe said falling rock and to warn the plaintiff and that the proximate cause of plaintiff's injury was Quintano's said negligence. Defendant denied negligence and alleged contributory negligence and assumption of risk.

The plaintiff testified that on the day in question he was attempting to remove a rock "more than three feet high" from the track; that "we were shooting it with powder. I instructed Quintano to watch for falling rock. The rock we were shooting was about five feet from the portal of the tunnel. I was stooping over the rock, holding the powder, when something struck me on the head and I was gone. I fell down and don't know what happened." John Quintano testified that at the direction of the plaintiff he stood on the side of the track opposite the mountainside to watch for rock; that "I saw the rock

that hit Lombardi come down. It came down on top of the hill from the mountainside. I hollered to watch out. He tried to run away but did not have much chance.'' Eustacio Martinez, another section hand, testified, ''I heard John Quintano shout the warning. He said, 'Watch out.' I did not see the rock coming. I seen Frank fall down.''

It is contended that the court erred in refusing to grant defendant's motion for a directed verdict in its favor for the reason that there was no evidence of negligence and that the plaintiff assumed the risk.

▉ It is urged that the negative evidence of the plaintiff that no warning was given is insufficient to overcome the positive testimony of Quintano corroborated by that of Martinez, that he warned plaintiff of a falling rock. The fact that plaintiff was injured while in a position of probable danger from falling rocks coupled with the cardinal instinct of self-preservation corroborates plaintiff's testimony and leads to the inference that the warning was not given, or if given was not sufficiently loud to have been heard by the plaintiff. The jury, by their verdict, must have taken this view of the case. The testimony being irreconcilably conflicting, the question as to whether or not a warning was given was for the jury.

▉▉ It is further contended that the plaintiff cannot recover because he assumed the risk and, in this regard, counsel relies upon the case of *Chesapeake & O. Ry. Co. v. Nixon,* 271 U. S. 218, 46 Sup. Ct. 495, 70 L. Ed. 914. In this case it was held that a railroad section foreman charged with the duty of inspecting and repairing the track assumed the risk of being run down by a train while riding on a railroad velocipede and that the negligence of the engineer and fireman of the train in failing to observe and warn him created no cause of action. This case is based upon the proposition that the railroad owed no duty to the section foreman to look out for and warn of impending danger. Of course, where there is no duty to perform there can be no negligence in failing to perform.

This rule is not applicable to the instant case. Here the plaintiff realized that he was in a position of imminent danger and stationed his employe, Quintano, at a point where he could observe the surrounding mountainside under instructions to warn him of falling rocks. While it might be said that the plaintiff assumed the risk of falling rocks, it cannot be said that he assumed the risk of Quintano's negligence in failing to warn him. Here a duty to warn was violated.

The general rule on the assumption of risk is that "the employee assumes the ordinary risks of his employment; and, when obvious or fully known and appreciated, he assumes the extraordinary risks and those due to negligence of his employer and fellow employees." *Delaware, etc., R. R. v. Koske,* 279 U. S. 7, 11, 73 L. Ed. 234, 49 Sup. Ct. 202.

The distinction between risks assumed and those not assumed is clearly shown in *Seaboard Air Line v. Koennecke,* 239 U. S. 352, 36 Sup. Ct. 126, 60 L. Ed. 324. In this case plaintiff's husband was run over and killed by a train while acting as a switchman in defendant's railroad yards. At page 355, Mr. Justice Holmes says: "We see equally little ground for the contention that there was no evidence of negligence. It at least might have been found that Koennecke was killed by a train that had just come in and was backing into the yard, that the movement was not a yard movement, that it was on the main track and that there was no lookout on the end of the train and no warning of its approach. In short, the jury might have found that the case was not that of an injury done by a switching engine known to be engaged upon its ordinary business in a yard, like Aerkfetz v. Humphreys, 145 U. S. 418 [36 Law Ed. 758, 12 Sup. Ct. Rep. 835], but one where the rules of the company and reasonable care required a lookout to be kept. It seems to us that it would have been impossible to take the case from the jury on the ground either that there was no negligence or that the deceased assumed the risk. Upon a consideration of

all the objections urged by the plaintiff in error in its argument and in its briefs, we are of opinion that the judgment should be affirmed."

In the case of *Sagara v. Chicago, R. I. & P. Ry. Co.*, 58 Colo. 236, 144 Pac. 881, the reasoning is identical. Also the following cases announce the rule that an employe never assumes the risk of negligence of a fellow employe unless such negligence is fully known and appreciated. *Missouri, K. & T. R. Co. v. O'Connor* (Tex.), 298 S. W. 921 (Writ of certiorari denied, 277 U. S. 607) ; *Galveston H. & S. A. Ry. Co. v. Contois* (Tex.), 288 S. W. 154 (Writ of certiorari denied, 274 U. S. 747) ; *Pennsylvania R. Co. v. Goughnour*, 208 Fed. 961; *Reed v. Director General*, 258 U. S. 92, 42 Sup. Ct. 191, 66 L. Ed. 480; *Chesapeake & Ohio Ry Co. v. Proffitt*, 241 U. S. 462, 36 Sup. Ct. 620, 60 L. Ed. 1102.

In the instant case there was no evidence that plaintiff knew that Quintano would be or was being negligent in failing to warn him of falling rocks and he cannot be said to have assumed the risk incident to such negligence.

Finding no reversible error in the record, the judgment must be affirmed.

Mr. Chief Justice Whitford, Mr. Justice Adams and Mr. Justice Butler concur.