No. 12,727.

CHICAGO, ROCK ISLAND AND PACIFIC RAILWAY COMPANY v. CLINE.

(14 P. [2d] 495)

Decided September 12, 1932.

256

Mr. William V. Hodges, Mr. D. Edgar Wilson, Mr. James L. Goree, for plaintiff in error.

Messrs. Chinn & Strickler, for defendant in error.

*In Department.*

Mr. Justice Butler delivered the opinion of the court.

In an action under the Federal Employers' Liability Act, John Cline obtained a judgment against the Chicago, Rock Island and Pacific Railway Company. The company seeks a reversal of the judgment.

The testimony, in important particulars, was in conflict. That in behalf of Cline tended to show the following facts: At the time of the accident, November 23, 1929, Cline and W. E. Kaufman, the track foreman, and Clisby Kaufman, the foreman's son, were patrolling the track on a gasoline track car. Ordinarily the car was propelled at twenty-five or thirty miles an hour, but at the time of the accident it was going at about ten or twelve miles an hour. Immediately prior to the time of the accident the car was going up a grade, and snow on the rails caused the wheels to spin and slip and the car to lose traction. The foreman ordered Cline to jump off and get gravel to put under the wheels of the car to prevent its stalling on the grade. Cline thereupon jumped off the car, with shovel in hand, to carry out his orders. At that place the bank sloped down from the track to a drainage ditch, which was about 2¼ feet lower than the top of the cross-ties. In the ditch there was a patch of ice, covered with a thin film of snow. The car was going faster than Cline had supposed it was, and he was hurled down the bank with such force that he slipped on the ice and was thrown to the ground, breaking his leg. The foreman had patrolled this section of the track for twelve or thirteen years, and was familiar with the slope and the drainage ditch, whereas Cline went to work only three days before the accident. Cline knew nothing of the presence of the ice. Cline knew that the company had a rule prohibiting employees from jumping off a running car.

■ 1. The alleged negligence of the company consisted, not in the company's failing to remove the snow and ice, but in the foreman's ordering Cline to jump from the car, considering the rate of speed at which it was going, the slope of the bank and the presence of ice and snow. We cannot say that, as a matter of law, the company was not chargeable with negligence. In the circumstances, the question of negligence was for the jury to determine.

■ 2. The company contends that Cline assumed the

risk, and that, for that reason, the trial court should have ordered a nonsuit. An employee assumes the ordinary risks of his employment, and also those extraordinary risks that are fully known to him, or are obvious, and that are appreciated by him. But where the employee does not know, or does not appreciate the danger, and it is not obvious, he does not assume the risk. *Denver & Salt Lake Ry. Co. v. Lombardi*, 87 Colo. 311, 287 Pac. 648. In view of all the circumstances, we cannot say that Cline, as a matter of law, assumed the risk.

The trial court did not err in denying the company's motion for a nonsuit.

3. Counsel for the company admit—and it is the law—that in actions under the Federal Employers' Liability Act contributory negligence does not bar the action, but merely affects the amount recoverable. They contend, however, that Cline was contributorily negligent as a matter of law, and that the court erred in leaving that question to the jury.

The evidence in behalf of the company tended to show that when Cline got off the car it had come to a stop; that he walked ahead for some sixty feet trying to get gravel or sand from the bank near the track; that it was frozen so hard that he could not get it there; that he started across the ditch to get it from the bank, and that in doing so he stepped on the ice and fell. Whether the accident occurred in that manner, or in the manner described by Cline, and whether, in view of all the circumstances, Cline was contributorily negligent in obeying the foreman's order, were questions for the jury. If Cline's testimony is to be believed, the order called for prompt action in an emergency and gave Cline no opportunity for deliberation; and he and the foreman did not stand upon an equal footing, the latter having had longer experience and having greater familiarity with the surrounding conditions. In such a situation, the fact that Cline obeyed the foreman's order, notwithstanding the existence of a company rule forbidding employees from jump-

ing from a moving car, did not charge him with contrib-. utory negligence, as a matter of law, but raised a question for the jury's determination. 3 Labatt, Master & Servant (2d Ed.) §1283; Note, 23 A. L. R., p. 315.

In submitting to the jury the question of contributory negligence, the court did not err.

■ 4. A photograph of the place where the accident occurred was offered in evidence by the company, and the court sustained an objection thereto. This ruling is assigned as error. The picture was taken long after the accident, and there was nothing shown in the picture that was in dispute. While its admission would not have constituted error, we do not think the court committed prejudicial error in rejecting it.

■ 5. On December 20, 1929, the company paid Cline $100, and he signed a receipt therefor reading, in part, as follows: "Money advanced account personal injuries received at or near Falcon, Colo., Nov. 23, 1929, while employed as section laborer. This amount to be deducted at time of final settlement. This amount advanced for purpose of financing him until final settlement is made." Over the company's objection, the receipt was admitted in evidence. The company offered to prove by its claim adjuster, Stiers, that at the time Cline made his statement concerning the accident, Stiers told Cline that the company was not liable to him for damages; that on account of the destitute condition of Cline, Stiers would try to get the company to make him some advancement in order to help him out; that thereafter Stiers would get the company to pay Cline some small additional sum in compromise of his claim; and that in consideration of such payment he expected Cline to give the company a release of all claims for damages sustained by him. The company further offered to prove that the $100 was paid to Cline in pursuance of such statement and understanding between Stiers and Cline. The offered proof was rejected by the court, and the court gave an instruction, based upon its construction of the release, that the com-

pany admitted its liability to Cline, and that the sole question for them to consider and determine was the amount of damages. It was proper, of course, to prove the payment of $100, so as to enable the jury to deduct that amount from the total amount of damages suffered by Cline. The trial court erred, however, in holding that the payment of the money and the taking of the receipt constituted, as a matter of law, a conclusive admission of liability. The language of the receipt does not compel that construction. Even if the payment and the receipt constituted an admission by the company, it was subject to explanation, and the jury should have been permitted to hear the offered evidence. *Donley v. Bailey,* 48 Colo. 373, 110 Pac. 65; *West v. Smith,* 101 U. S. 263. Its rejection was error.

The judgment is reversed, and the cause is remanded for further proceedings in harmony with the views herein expressed.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE MOORE concur.