## AERKFETZ v. HUMPHREYS.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF MICHIGAN.

No. 355.   Submitted April 29, 1892. — Decided May 16, 1892.

The obligation upon an employé of a railroad company to take care and exercise diligence in avoiding accidents from its trains, while in the performance of his duties about the tracks, is not to be measured by the obligation imposed upon a passenger when upon or crossing them.

In an action by a track repairer against the receiver of a railroad to recover damages for injuries received from a locomotive and train while at work repairing the track in a station yard, it is held that the servants of the receiver were guilty of no negligence; and that if they were, the plaintiff's negligence contributed directly to the result complained of.

On May 17, 1887, William Aerkfetz, being under twenty-one years of age, by Frederick Aerkfetz, his next friend, commenced this action in the Circuit Court of the United States for the Eastern District of Michigan against the defendants in error, receivers duly appointed and in possession of the Wabash Railroad, to recover damages for personal injuries, caused, as alleged, by their negligence. The defendants answered, and on a trial before a jury the verdict and judgment were for the defendants. To reverse such judgment this writ of error has been sued out.

*Mr. C. E. Warner* and *Mr. L. T. Griffin,* for plaintiff in error, submitted on their brief.

*Mr. W. H. Blodgett,* for defendants in error, submitted on the printed record.

Mr. Justice Brewer delivered the opinion of the court.

Plaintiff was in the employ of the defendants in the yard of the railroad company at Delray, working on one of the tracks therein, and, while so engaged, was run over and injured by a freight car, moved by a switch engine.

The defences presented were three: First, the receivers were guilty of no negligence; second, even if they were, plaintiff was guilty of contributory negligence; and, third, whatever negligence there was, if any, was that of a fellow-servant. The trial court directed a verdict for the defendants on the ground of contributory negligence. Much might be said in favor of each of the three propositions advanced by the defendants. We rest our affirmance of the judgment upon the grounds that under the circumstances there was no negligence on the part of the defendants, and that the accident occurred through a lack of proper attention on the part of the plaintiff.

There is little dispute in the testimony, and the facts, as disclosed are plainly these: The Délray yard is in the western part of the city of Detroit. In it were twelve tracks and side-tracks, and the yard was used for the making up of trains. A switch engine was employed therein, and, as might be expected, was constantly moving forwards and backwards, changing cars and making up trains. Plaintiff was a repairer of tracks. He had been employed there about eighteen months, and was familiar with the manner in which the work was done. The yard was about a quarter of a mile in length. The tracks were in a direct line east and west, with nothing to obstruct the view in either direction. At the time of the accident plaintiff was working near the west end of the yard, when a switch engine pushing two cars moved slowly along the track upon which he was at work, the speed of the engine being about that of a man walking. Plaintiff stood with his back to the approaching cars, and so remained at work without looking backward or watching for the moving engine until he was struck and run over by the first car.

Upon these facts we observe that the plaintiff was an employé, and, therefore, the measure of duty to him was not such as to a passenger or a stranger. As an employé of long experience in that yard, he was familiar with the moving of cars forward and backward by the switch engine. The cars were moved at a slow rate of speed, not greater than that which was customary, and that which was necessary in the

making up of trains. For a quarter of a mile east of him there was no obstruction, and by ordinary attention he could have observed the approaching cars. He knew that the switch engine was busy moving cars and making up trains, and that at any minute cars were likely to be moved along the track upon which he was working. With that knowledge he places himself with his face away from the direction from which cars were to be expected, and continues his work without ever turning to look. Abundance of time elapsed between the moment the cars entered upon the track upon which he was working and the moment they struck him. There could have been no thought or expectation on the part of the engineer, or of any other employé, that he, thus at work in a place of danger, would pay no attention to his own safety. Under such circumstances, what negligence can be attributed to the parties in control of the train or the management of the yard? They could not have moved the cars at any slower rate of speed. They were not bound to assume that any employé, familiar with the manner of doing business, would be wholly indifferent to the going and coming of the cars. There were no strangers whose presence was to be guarded against. The ringing of bells and the sounding of whistles on trains going and coming, and switch engines moving forwards and backwards, would have simply tended to confusion. The person in direct charge had a right to act on the belief that the various employés in the yard, familiar with the continuously recurring movement of the cars, would take reasonable precaution against their approach. The engine was moving slowly, so slowly that any ordinary attention on the part of the plaintiff to that which he knew was a part of the constant business of the yard would have made him aware of the approach of the cars, and enabled him to step one side as they moved along the track. It cannot be that, under these circumstances, the defendants were compelled to send some man in front of the cars for the mere sake of giving notice to employés who had all the time knowledge of what was to be expected. We see in the facts as disclosed no negligence on the part of the defendants, and if by any means negligence could be imputed to them, surely

the plaintiff by his negligent inattention contributed directly to the injury.

The judgment was right, and it is

*Affirmed.*