Davis, J.
Whether the plaintiff has, or has not, the right to recover on the facts alleged in his petition, is a question which was fairly raised by the defendant’s objection to the introduction of any testir mony in support of the petition, and by the defendant’s motion for judgment in its favor, upon the pleadings. In seeking for the proper answer to this question, it may be assumed that the defendant was negligent in closely and rapidly following up the westbound train with a switch engine, without signals and without any one preceding it to give warning of its approach, as required by the defendant’s rule; for the inquiry which is raised by the averments of the petition is not so much whether the defendant was negligent, as whether the plaintiff’s own want of ordinary care was the proximate cause of his injury.
There is nothing clearer in the case stated in the petition than that the plaintiff was in a place of safety while he remained on the platform. However great was the negligence of the defendant, it was harmless to the plaintiff while he remained on the *470 platform. 1-Iis act of stepping upon the track immediately in front of the backing engine was the proximate and concurrent cause of his injury. If he did this with the exercise of such care as a person of ordinary prudence would exercise under like circumstances, then he was legally without fault and is entitled to recover. If he stepped upon the track without such care, he brought his injury upon himself and is not entitled to a judgment against the defendant. If he had looked he could have seen the approaching engine, indeed must have seen it, for he avers in his petition that the “westbound train was then in motion westward, and that plaintiff, as soon as the last car thereof had cleared the place on said passenger platform whereat plaintiff stood * * * passed around the immediate rear of said departing train ■* * * and that immediately and without warning of any sort plaintiff was struck by said engine.” Yet he avers, that “he neither heard nor saw said engine or its approach, and was not aware of its proximity until it was upon him, and that it followed said departing west bound passenger train so rapidly, closely, silently and carelessly that he had neither time nor opportunity to escape it.” It is inconceivable that a man of ordinary prudence would under .such circumstances have failed to look or listen before stepping on the track, so as to have both seen and heard the engine which was so closely following the passing train. To an ordinarly prudent man a railroad track is itself a warning to be alert, to use his senses, to look and listen; and an ordinarily prudent man would not blindfold himself, nor stop his ears, when about to exercise his intention of leaving a place of safety on the platform to cross the track in *471 the presence of moving trains. Practically this is just what the plaintiff did do; and he claims that he had the right to close his senses, because he was an employe of the railroad company, and had duties to perform, and was in a hurry. He claims the right to ignore the plainest and most ordinary dictates of prudence, in a full and implicit reliance on the diligence and faithfulness of the other employes of the company in performing their duties. It has been laid down as the law that passengers who are required to cross railroad tracks in getting upon or alighting from trains, have the right, from the nature of their contract, to expect a safe place for that purpose and may govern themselves accordingly; but such immunity has never been conceded to travellers upon a railroad crossing, having equal rights there with the railroad company, and still less to employes in the yards or depots of the company. The latter have no invitation or implied contract, as passengers do have, to perform their duties in a safe place. The very nature of employment about the tracks of a railroad involves notice of the danger of it, and nobody knows better than an employe that other employes are liable to be careless in the observance of rules- and lax in the performance of duty. Therefore he cannot be .permitted to shut his eyes to obvious dangers, and to act with “full reliance” that rules will be observed, and a safe passage kept for him whenever his duties call upon him to cross the tracks. He cannot be excused from the rule that ordinary prudence requires that a person in the full enjoyment of the faculties of seeing and hearing, should use them when about to pass over a railroad track, and that the omission to do so is' contributory negligence when it immediately re- *472 suits in an injury which might have been avoided if the injured person had looked or listened. Railway Co. v. Elliott, 28 Ohio St., 340; Railway Co. v. Crawford, 24 Ohio St., 631. The plaintiff in this case Avas in a place of safety. He was not bound to go upon the track in front of an advancing engine, even in the urgent performance of his work. In doing so without looking or listening, he was clearly guilty of negligence proximately contributory to his injury. The views which we have here expressed are not only implied in previous decisions of this court, but they have been very plainly defined in the following cases: Loring v. Kansas City, etc., Railway Co., 128 Mo., 349; Elliott v. Railway Co., 150 U. S., 245; Aerkfetz v. Humphreys, 145 U. S., 418; Chattanooga, etc., Railway Co. v. Downs, 106 Fed. R., 641.
The case of Snyder v. Railway Company, 60 Ohio St., 487, does not apply. Snyder was on the track, engaged upon a duty which required' him to be there, and could have been seen by the train men in time to have avoided the injury. It was not a/case in which the inference of contributory negligence necessarily arose. In this case, the plaintiff was in a place of safety, and in blind reliance upon his assumption that no engine Avould be following the westbound train and that nobody else would be guilty of negligence, left the safe place and stepped upon the track immediately in front of the backing engine, without looking, and was injured. In this case the inference that the plaintiff Avas himself negligent and that his negligence directly contributed to his injury is unavoidable. If all the material facts are undisputed, and admit of no rational inference but that of negligence, the question becomes a question of law. Rail *473 way Co. v. Crawford, 24 Ohio St., 631; Railway Co. v. Rathgeb, 32 Ohio St., 66. The judgment of the court of common pleas was right, and it follows that the judgment of the circuit court must be reversed and that of the common pleas affirmed.
Btjrket, Spear, and Shauck, JJ., concur.
Minshall, O. J., dissents.