### CONNELLEY v. PENNSYLVANIA R. CO.

(District Court, E. D. Pennsylvania. March 11, 1915.)

No. 1612.

1. APPEAL AND ERROR ☞1195—REMAND—SUBSEQUENT PROCEEDINGS—LAW OF THE CASE.

Where a judgment for the plaintiff in a personal injury action was reversed by the Circuit Court of Appeals, because the evidence failed to show negligence on the part of the defendant, and the case was remanded, with directions to enter judgment for the defendant, and the judgment of the Circuit Court of Appeals was reversed on appeal to the Supreme Court on a practice point only, and the case sent to the District Court for a new trial, the decision of the Circuit Court of Appeals on the question of negligence is the law of the case, unless the facts presented at the second trial differ from those at the first.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4661–4665; Dec. Dig. ☞1195.]

2. APPEAL AND ERROR ☞1195—REMAND—SUBSEQUENT PROCEEDINGS—ADDITIONAL FACTS.

On the second trial of an action for the death of a railroad track walker, after a judgment for plaintiff had been reversed by the Circuit Court of Appeals because no negligence of the railroad was shown, additional facts, which only tend to strengthen the same inferences which might have been drawn from the facts presented at the first trial, do not warrant the trial court in declining to follow the opinion of the Circuit Court of Appeals.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4661–4665; Dec. Dig. ☞1195.]

At Law. Action by Ellen Connelley, administratrix, against the Pennsylvania Railroad Company. Verdict for defendant, and plaintiff moves for a new trial. Motion dismissed.

Joseph W. Henderson and Francis Rawle, both of Philadelphia, Pa., for plaintiff.

Sharswood Brinton and John Hampton Barnes, both of Philadelphia, Pa., for defendant.

DICKINSON, District Judge. [1] The verdict in this case was for the defendant by the direction of the court. The ruling was based upon

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

that of the Circuit Court of Appeals in this very case. Connelley v. Railroad Co., 201 Fed. 54, 119 C. C. A. 392, 47 L. R. A. (N. S.) 867. The judgment, it is true, was itself reversed on appeal to the Supreme Court, but this was upon another point, and one wholly of procedure. The judgment entered by the Circuit Court of Appeals was a judgment non obstante veredicto. After the entry of the judgment, but within the time for appeal, the opinion in the Slocum Case had been handed down by the Supreme Court, and the appeal from the judgment in this case followed. This, of course, necessitated a reversal of the judgment, and such action was anticipated and acquiesced in by the defendant. It is obvious, therefore, that the ruling of the Circuit Court of Appeals upon the legal merits of the case remains untouched. The duty of the trial judge to follow it is clear, unless the facts of the case as presented upon the second trial differ from the facts upon which the former ruling was based. The motion for a new trial is founded upon the assertion of such a difference.

[2] It is urged that the fuller development of the facts in the second trial bring the case within the purview of the rulings in Southern Railway Co. v. Smith, 205 Fed. 360, 123 C. C. A. 488, N. & W. R. R. Co. v. Holbrook, 215 Fed. 687, 131 C. C. A. 621, Same v. Earnest, 229 U. S. 114, 33 Sup. Ct. 654, 57 L. Ed. 1096, Ann. Cas. 1914C, 172, and the late case of Van Zandt v. Railroad Co. (Pa.) 93 Atl. 1010, not yet officially reported. The leverage of the argument is upon the proposition that it was the duty of the defendant company to have exercised due care in the operation of its trains at the place where the plaintiff's decedent was killed, and that they failed in this through the negligence of the man who was directing the movements of the train which ran over the decedent, and through his unwarranted substitution for the air whistle, provided as a warning, of a whistle which he himself made by using his fingers for the purpose, and by the further negligence of the foreman of the gang in which the decedent worked, through his disregard of the rules and regulations of the company requiring him to provide a man to watch over the safety of the workmen employed by giving them notice of the approach of trains.

The suggestion that the negligence of the decedent himself contributed to his death is met by the proposition that this goes only to the amount of the damage. Whatever weight might have been given to these considerations, in the absence of the light afforded us by the ruling of the Circuit Court of Appeals in this case, is overcome by that ruling. If the inference of negligence sought to be based upon the facts as now presented can be fairly drawn from these facts, we are bound to assume it could have been drawn from the facts as presented in this case on the former appeal. The facts which base the inference were before the Appellate Court, and probably the most which can be said for the re-presentation is that new, in the sense of additional, facts, have been shown. Inasmuch, however, as there was evidence of the same character of facts from which the same inference now asked to be drawn might have been drawn, it is for the appellate court to determine whether the question is not one of difference in degree—a difference in the strength of the conviction because of the fuller statement of the facts,

and not a difference in the inference to be drawn because of a difference in the facts in the sense of the evidence being different in kind. The appeal made to send the case to the jury in the face of the ruling already made in the case comes too close to asking the trial judge to ignore a ruling which is authoritative and binding upon him to be answered.

The well-considered and forcibly presented argument of counsel for plaintiff expends itself against the fact of the decision which to the trial court is the law of the case. The appeal must therefore be referred to the court by which the ruling was made.

The motion for a new trial is dismissed, and the defendant has leave to enter judgment on the verdict.