SOUTHERN RY. CO. v. WHITE.

(Circuit Court of Appeals, Sixth Circuit.    May 2, 1916.)

No. 2775.

APPEAL AND ERROR ⬤⟳981—MOTION FOR NEW TRIAL—REVIEW.

    The granting of a new trial on the ground of excessiveness of damages is a matter of discretion with the trial court, not subject to review.

    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3876; Dec. Dig. ⬤⟳981.]

In Error to the District Court of the United States for the Eastern District of Tennessee; Edward T. Sanford, Judge.

Action by John White against the Southern Railway Company. There was a judgment for plaintiff, and defendant brings error. Affirmed.

L. D. Smith, of Knoxville, Tenn., for plaintiff in error.

S. E. Hodges and W. T. Kennerly, both of Knoxville, Tenn., for defendant in error.

Before KNAPPEN and DENISON, Circuit Judges, and EVANS, District Judge.

EVANS, District Judge.    John White, the plaintiff below, and whom we shall call the plaintiff in this opinion, was an employé in interstate commerce of the Southern Railway Company, which we shall call the defendant.

While at his work in December, 1913, in one of defendant's yards known as the Coster Yards, located near Knoxville, Tenn., plaintiff was struck and injured by one of defendant's engines. To recover $30,000 which he claimed as damages for the injury thus inflicted, he brought this action in the court below under the Employers' Liability Act of April 22, 1908 (35 Stats. 65). He alleged in his declaration that his injuries were caused by the negligence of the defendant. This allegation was put in issue by a plea of not guilty. After the testimony had all been heard by the jury, defendant moved the court to direct a verdict in its favor. The motion was overruled by the court and defendant excepted. The jury found for the plaintiff, and assessed his damages at $7,500. A motion for a new trial was made by the defendant. After hearing his motion the court expressed the opinion that the verdict was excessive to the extent of $2,500, and suggested that the plaintiff enter a remittitur to that extent. The plaintiff in open court accepted the suggestion and remitted $2,500 of the damages assessed by the jury in their verdict. Thereupon the court overruled the motion for a new trial and entered judgment for $5,000.

The defendant brought the case to this court and in its assignment of errors states two grounds upon which it asks a reversal of the judgment. The first error assigned is that the trial court erred in not directing a verdict in defendant's favor, and in not granting its motion for a new trial on that ground. The second error assigned is

that the damages remained excessive after the entry of the remittitur.

1. The questions thus raised were ably argued but after examination of the record we have reached the conclusion that there was no error in refusing to direct a verdict for defendant, and therefore none in overruling the motion for a new trial based on the same ground. While upon the testimony the question of plaintiff's right to recover may be a close one, we think the ruling of this court in the very similar case of Southern Railway Co. v. Smith, 205 Fed. 360, 123 C. C. A. 488, must control us, and we are content to rest our decision upon it without repeating what was there said.

2. The second error assigned is that the court should have granted a new trial upon the ground that the amount of the verdict was excessive, evincing caprice, passion or prejudice in plaintiff's favor in the minds of the jury, and that the amount remitted from the damages assessed still left the amount excessive.   Respecting this, we repeat what was said by this court in Big Brushy Coal & Coke Co. v. Williams, 176 Fed. at page 533, 99 C. C. A. 102, and in Mason v. Smith, 191 Fed. at page 504, 112 C. C. A. 146, and by the Supreme Court in Holmgren v. United States, 217 U. S. 521, 30 Sup. Ct. 588, 54 L. Ed. 861, 19 Ann. Cas. 778, to the effect that this case falls within the settled rule that granting or refusing a new trial is matter of discretion and not subject to review.

The judgment of the District Court is affirmed.