## DELAWARE, L. & W. R. CO. v. HUGHES.

(Circuit Court of Appeals, Second Circuit. February 27, 1917.)

No. 185.

1. MASTER AND SERVANT ⬅278(18)—INJURIES TO SERVANT—EVIDENCE—NEGLIGENCE OF MASTER.

In an action under Employers' Liability Act April 22, 1908, c. 149, 35 Stat. 65 (Comp. St. 1913, §§ 8657-8665), for the death of a railroad switchman, evidence *held* to warrant the jury in finding that the defendant was negligent in failing to give sufficient warning to the switchman of the approach of the car which killed him.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 971.]

2. MASTER AND SERVANT ⬅265(6)—INJURIES TO SERVANT—PRESUMPTIONS—NEGLIGENCE.

The fact that a switchman, who had been employed in the same railroad yard for 25 years, and who must have been thoroughly familiar with the movement of trains therein, and with all the customs of the yard, was run down and killed in the yards by a car, raises the presumption that some abnormal and unexpected condition prevailed, since it is contrary to ordinary intelligence that such a man would have remained on the track, if adequate warning had been given.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 898, 955.]

3. MASTER AND SERVANT ⬅137(4)—INJURIES TO SERVANT—DUTY OF MASTER—WARNING.

It is the duty of a railroad company to give adequate warning to a switchman on the track in its yards of the approach of a car.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 269, 270, 274, 277, 278.]

4. DEATH ⬅84—INJURIES TO SERVANT—FEDERAL EMPLOYERS' LIABILITY ACT—FUNERAL EXPENSES.

The federal Employers' Liability Act, providing that damages in case of death are for the benefit of the next of kin dependent on the employé, does not authorize a recovery, in an action for such death, of the funeral expenses.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 110.]

In Error to the District Court of the United States for the Northern District of New York.

Action by Esther A. Hughes, as administratrix, against the Delaware, Lackawanna & Western Railroad Company. Judgment for plaintiff, and defendant's motion for new trial denied (233 Fed. 118), and defendant brings error. Modified and affirmed.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Charles V. Byrne, of Syracuse, N. Y., for plaintiff in error.

Edward W. Cregg, and Gregg Bros. & Rulison, all of Syracuse, N. Y., for defendant in error.

Before COXE, ROGERS, and HOUGH, Circuit Judges.

COXE, Circuit Judge. This action was brought by Esther A. Hughes, as administratrix of the estate of Thomas Hughes, deceased, to recover damages of the Railroad Company for its alleged negligence in causing the death of her husband. The action was brought under the federal Employers' Liability Act. The jury found a verdict for the plaintiff in the sum of $3,715.

[1] Thomas Hughes was killed on a track of the defendant's road at Syracuse at about 4 o'clock on the morning of August 10, 1916, while it was yet dark. He was a man of experience and long service in the defendant's employ and was thoroughly acquainted with the premises in question. He was killed by being run down by a freight car which the plaintiff insists was improperly managed in that there was no watchman at or near its end with a signal lantern to warn those who had a right to be on the track of an approaching car. It appears that there were trains passing on the main tracks and the noise so produced rendered it impossible for Hughes to hear the approach of the car and it is argued that he could not see the red light on the car for the reason that the man with the lantern was not where he should have been, near the forward end of the car. On the contrary, it is contended that he was on the roof of the car about the middle, where he could not see the track and a person on the track could not see the red lantern unless he were a long distance away. The jury might, therefore, have found that Hughes, while discharging his duties on the branch track, was killed by a car striking him without sufficient signal or warning of any kind. True, they might have found the reverse of this proposition but such a concession does not alter the force of the plaintiff's contention that there was a clear question of fact to be decided and that there was sufficient testimony to sustain the verdict for the plaintiff.

[2] We are convinced that there was a question of fact for the jury and their verdict is sufficiently supported by the testimony. Thomas Hughes was employed as switchman by the defendant in its Syracuse yard for 25 years. He must have been thoroughly acquainted with the situation and familiar with the location of the tracks, the movement of trains and all the customs of the yard. That such a man should be run down and killed at a place where he knew every detail of the premises and of the methods employed raises a presumption that some abnormal condition prevailed which was not to be expected, which he could not have foreseen and which he was not required to guard against by taking extraordinary precautions. That such a man would have remained on the track if an adequate warning had been given is contrary to all the impulses which govern the conduct of men of ordinary intelligence.

[3] It was the duty of the defendant to give adequate warning of the approach of the car. If this could have been done only by having

a man with a lantern on the ladder at the end of the car, that precaution should have been adopted. If a man on the roof of the car could give timely warning his position there would suffice, provided he was near enough to the end to see the track a sufficient distance in front of the advancing car to give the man on the track time enough to escape. The space within which such a light could be seen would depend upon its distance from the end of the car and its height above the car roof. In Southern Railway Co. v. Smith, 205 Fed. 360, 123 C. C. A. 488, the court said:

"While it is primarily the duty of a switchman in railroad yards to be on the lookout and keep out of the way of moving engines, there is a concurrent or secondary duty, independent of statute or rule, on the part of those in charge of such moving engines to keep such lookout as is reasonably necessary to avoid injury to an employé who may neglect to protect himself, and the extent of such duty is measured by the peculiar circumstances of the case."

[4] The federal Employers' Liability Act of April 22, 1908, makes no provision for funeral expenses in such a case as this. 35 Stat. p. 65 (Comp. St. 1913, §§ 8657–8665). In Collins v. Penna. R. R. Co., 163 App. Div. 452, 148 N. Y. Supp. 777, the court said:

"The federal Employers' Liability Act provides that the damages in case of death of an employé are for the benefit of the next of kin *dependent* upon such employé, for such injury or death. No provision seems to be included or intended by the federal act to compensate for the expenses of burial, and, therefore, the testimony received by the trial court under defendant's objection as to such funeral charges was erroneous."

We are of the opinion, therefore, that the allowance of $215 for funeral expenses was erroneous and that the judgment should be reduced to that extent.

As so amended the judgment is affirmed with costs.