### FRAZIER v. INTERSTATE R. CO.

(Circuit Court of Appeals, Fourth Circuit. January 6, 1920.)

No. 1741.

Master and servant ⬅286(33)—Negligence as to switchman held question of fact.
    Where an employé in switchyards was ordered over his objection to assume the duties of brakeman in switching operations at night, a work to which he was unaccustomed, and while signaling was struck and killed by a car which was being pushed on another track, so that it obscured the engine headlight, the question of the duty to have a lookout on such car, or to give deceased warning, *held* not one to be determined as matter of law, but one for the jury.

In Error to the District Court of the United States for the Western District of Virginia, at Big Stone Gap; Henry Clay McDowell, Judge.

Action at law by Lou Frazier, administratrix of James L. Frazier, deceased, against the Interstate Railroad Company. Judgment for defendant, and plaintiff brings error. Reversed.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

William H. Werth, of Tazewell, Va. (Werth & Werth, of Tazewell, Va., on the brief), for plaintiff in error.

J. L. Camblos, of Norton, Va. (Joshua F. Bullitt, of Philadelphia, Pa., and Bullitt & Chalkley, of Big Stone Gap, Va., on the brief), for defendant in error.

Before PRITCHARD, KNAPP, and WOODS, Circuit Judges.

WOODS, Circuit Judge. A demurrer was sustained to the amended declaration, alleging negligence of the Interstate Railroad, resulting in the death of James L. Frazier while employed as a brakeman in defendant's Andover yard. We do not consider the error assigned in sustaining the demurrer to the original declaration, because the plaintiff elected to amend rather than stand on his original declaration.

Specifically, the question is whether a jury could draw a reasonable inference, from proof of the surroundings in which deceased was working in the yard of the defendant, that due care required notice to him of the approach of the freight car which killed him by a light or a lookout, or by sounding the bell or whistle.

Aerkfetz v. Humphreys, 145 U. S. 418, 12 Sup. Ct. 835, 36 L. Ed. 758, is mainly relied on to sustain the demurrer. In that case it was held that negligence could not be inferred from the failure of the defendant to keep a lookout or sound the bell or whistle on a switching train as it approached Aerkfetz under these circumstances: Aerkfetz was a track repairer of long experience in the yard, familiar with the movements of the switch engine. It was daylight, and there was no obstruction to his view of the slowly approaching train. Track repairing is ordinarily a work of deliberation, requiring no strain on the attention. Aerkfetz knew that the switch engine was busy making up cars and moving trains, and that at any minute cars were likely to move along the track on which he was working. Knowing the direction from which the moving cars were to be expected, he chose to work with his face away from that direction, and continued his work without even turning to look. The case decides nothing more than that under such conditions one in charge of moving cars may assume that those doing the ordinary work on a track will use their senses of sight and hearing, and keep out of the way of expected switch engines and cars.

The case alleged here is essentially different, some of its features being in striking contrast with these which distinguish the Aerkfetz Case. The regular employment of the deceased was that of a car knocker; his work being upon and about stationary cars. In obedience to the peremptory orders of the defendant and against his earnest protest, he was required to undertake the duties of a brakeman handling moving cars in the yard, work in which he had little experience, and much more hazardous than his regular employment. In the darkness of the night he had to step down from the engine, couple it to a car, step from between the engine and car, and communicate by signal with an extra brakeman, who was to couple another car, that the train was ready to pull out. After he had coupled, and while standing near the main track waiting for the exchange of signals, a train, consisting of an engine and a freight car in front and one be-

hind, came upon him unawares, without warning, and killed him. The crew of this engine and cars knew the position and work of deceased and his crew, and the danger to which they were exposed, or in the exercise of due care should have known. They also knew that the headlight of the engine would be obscured by the car it was pushing ahead, and that the noise of the engines would prevent deceased and the other members of his crew from hearing the approach of the train.

It is common knowledge that the work of coupling, uncoupling, and signaling is dangerous and absorbing, and requires concentrated attention to avoid mistake and accident. Both authority and reason are against the proposition that the crew of a switch train, or any other train, can be judicially declared as a matter of law to be without fault in running along an adjacent track under such conditions as here appear, without showing a light or sounding a bell or whistle or having a lookout. Upon proof of the allegations of the declaration, it will be for the jury to say whether the proximate cause of the casualty was solely negligence of the defendant, or of the plaintiff, or the two combined, or inevitable accident. Among the cases sustaining this conclusion we cite: Norfolk & Western Ry. v. Earnest, 229 U. S. 114, 33 Sup. Ct. 654, 57 L. Ed. 1096, Ann. Cas. 1914C, 172; Chicago, Rock Island Ry. v. Wright, 239 U. S. 548, 36 Sup. Ct. 185, 60 L. Ed. 431; Erie R. R. Co. v. Purucker, 244 U. S. 320, 37 Sup. Ct. 629, 61 L. Ed. 1166; Toledo, St. L. & W. R. Co. et al. v. Bartley, 172 Fed. 82, 96 C. C. A. 570; Southern Ry. Co. v. Smith, 205 Fed. 360, 123 C. C. A. 488; Southern Ry. Co. v. Darnell's Adm'x, 114 Va. 312, 76 S. E. 291; Hardwick v. Wabash R. Co., 181 Mo. App. 156, 168 S. W. 328.

Reversed.