## CHESAPEAKE AND OHIO RAILWAY COMPANY *v.* NIXON, ADMINISTRATRIX.

CERTIORARI TO THE SUPREME COURT OF APPEALS OF THE STATE OF VIRGINIA.

No. 306. Argued May 3, 1926.—Decided May 24, 1926.

A railroad section foreman, one of whose duties was to go over and inspect the track and keep it in repair, assumed the risk of being run down by a train while going to his work over a part of the track that was in his charge, riding (by permission of a superior) the railway velocipede which he used in track inspections. P. 219. 140 Va. 351, reversed.

CERTIORARI to a judgment of the Supreme Court of Appeals of Virginia, which affirmed a recovery of damages in an action under the Federal Employers' Liability Act.

*Messrs. S. H. Williams* and *Randolph Harrison,* with whom *Mr. A. R. Long* was on the brief, for petitioner.

*Mr. Duncan Drysdale,* with whom *Mr. Aubrey E. Strode* was on the brief, for respondent.

MR. JUSTICE HOLMES delivered the opinion of the Court.

This is a suit to recover damages for the death of the plaintiff's husband, the intestate, from the Railroad Company upon whose tracks the death occurred. The plaintiff, (the respondent here,) obtained a verdict and

judgment in the trial Court and upon a writ of error
the judgment was affirmed by the Supreme Court of
Appeals of Virginia. 140 Va. 351. As the recovery was
based upon the Employers' Liability Act of April 22,
1908, c. 149, § 1, 35 Stat. 65, the death having occurred
in interstate commerce, a writ of certiorari was granted
by this Court to review certain questions of law that
arose in the case. 267 U. S. 590.

The deceased was an experienced section foreman upon
the defendant's road. One of his duties was to go over
and examine the track and to keep it in proper repair.
When inspecting the track he used a three wheeled veloci-
pede that fitted the rails and was propelled by the feet
of the user. He had obtained from his immediate supe-
rior, the Supervisor of Track, leave to use the machine
also in going to his work from his house, about a mile
distant, over a part of the track that was in his charge.
His work began at seven in the morning and at half-past
six on the day of his death he started as usual. Five
minutes later he was overtaken by a train and killed.
For reasons that the jury found insufficient to excuse the
omission, the engineer and fireman of the train were not
on the lookout, and the question raised is whether as
toward the deceased the defendant owed a duty to keep a
lookout, or whether on the other hand the deceased took
the risk.

If the accident had happened an hour later when the
deceased was inspecting the track, we think that there is
no doubt that he would be held to have assumed the risk,
and to have understood, as he instructed his men, that
he must rely upon his own watchfulness and keep out of
the way. The Railroad Company was entitled to expect
that self-protection from its employees. *Aerkfetz* v.
*Humphreys,* 145 U. S. 418; *Boldt* v. *Pennsylvania R. R.
Co.,* 245 U. S. 441, 445, 446. *Connelly* v. *Pennsylvania
R. Co.,* 201 Fed. 54; *Davis* v. *Philadelphia & R. Ry. Co.,*

276 Fed. 187; *Pennsylvania R. R. Co.* v. *Wachter*, 60 Md. 395; 4 Elliott on Railroads, 3d ed., § 1862. The duty of the railroad company toward this class of employees was not affected by that which it might owe to others.

The permission to use the velocipede in going to his work did not make the defendant's obligation to the deceased greater than it would have been after he got there. We assume that it was as effective to make the use of the car lawful as would have been a stockholders' vote spread upon the records of the company. But the implications are not necessarily the same. It was a trifling incident of daily life by which a subordinate officer of the company allowed one lower in grade to enlarge his customary use of the machine by an hour for his own convenience, although even then, in the opinion of the Court of Appeals of Virginia, already engaged in his duties. It seems to us to have been no more than an extension of his ordinary rights and his usual risks.

*Judgment reversed.*