AGNES McGARRY, GENERAL ADMINISTRATRIX OF THE ESTATE OF JOHN McGARRY, DECEASED, RESPONDENT, v. THE CENTRAL RAILROAD COMPANY OF NEW JERSEY, A CORPORATION, APPELLANT.

Submitted February 15, 1929—Decided October 14, 1929.

For the appellant, *William A. Barkalow* (*Edwin F. Smith*, of counsel).

For the respondent, *Collins & Corbin* (*Edward A. Markley* and *Walter J. Freund,* of counsel).

The opinion of the court was delivered by

LLOYD, J. Plaintiff below recovered a verdict under the Federal Employers' Liability act (*U. S. Comp. Stat.,* § 8657), for the death of her husband, due, it was claimed, to the negligence of fellow-employes, and the defendant appeals.

The question presented on the appeal is whether the trial court should have controlled the case by nonsuit or by direction of a verdict for the defendant.

Deceased was an assistant section gang foreman on the Central Railroad at Elizabethport, and, when the accident occurred, was walking along the tracks of the railroad company where he was overtaken by a train going in the same direction and killed. His general employment was in interstate commerce and at the time he was in that service.

The negligence alleged against the defendant was that the engineer and fireman in charge of the train failed to give warning of its approach, in consequence of which the death resulted.

To impose responsibility on the employer it was necessary to show that some duty which the defendant owed to the deceased, either directly or through its employes, was violated. In the attempt to establish this responsibility in the present case a fair summary of the proofs, we think, would indicate that the deceased was proceeding along the railroad tracks in the performance of his duties when he was struck from behind by an engine of the defendant company; that no warning was given by those in charge of the engine of its approach; that a witness, Duffy, a signal maintenance man, prior to the accident had observed when walking along the track that the engineer used to give a number of short blasts to warn of the approach of his train. Perhaps the evidence most favorable to the plaintiff was that given as follows: "*Q.* Now when you were walking out on the track * * * fixing something on the track, so that you had to be on the track, did you get your short blasts of the whistle of the

engine? *A.* Yes, sir. * * * *Q.* When the men would be walking on the tracks, as you were walking on the tracks, as the section men would be walking on the tracks, what kind of a whistle would you get? *A.* Several short blasts." It further appeared that no warning was given to the deceased when the accident occurred.

It is clearly established by federal decisions (which are controlling here) that one in the position of the deceased assumed as part of his employment the risk of injury from the ordinary and usual operation of the trains with which his duties brought him into relation. *Chesapeake and Ohio Railroad Co.* v. *Nixon,* 271 *U. S.* 218; *Toledo, St. Louis and Western Railroad Co.* v. *Allen,* 276 *Id.* 165.

In the recent case of *Unadilla Valley Railway Co.* v. *Caldine,* 278 *U. S.* 139, a conductor violating a standing written order passed the meeting point with another train and a collision resulted. In an action for the death of the conductor it was held that he could not rely on either the failure of the station agent to apprise him of the approach of the colliding train (of which the agent had been informed), nor on the negligence of his own motorman in obeying the conductor's order to proceed (even though the motorman had information that the other train was approaching), as a basis of recovery; that the primary duty was his own to obey the order not to proceed and that he could not avoid the assumption of the risk incident to its violation by transferring it to the shoulders of his co-employes. While the analogy of this case with the present is not complete in its facts, it is pertinent in principle. The assumption of the risk of injury from the dangers incident to work on the tracks and road beds by the passage of trains was one which the deceased was as much bound to regard as the direct orders of the employer in the case cited, unless and until he was relieved of that duty by warning from other employes provided for by his employer.

We think the facts shown in this case fall short of indicating a system of warning which would entitle the deceased to rely on those operating the train instead of on his own

vigilance, and in consequence the danger of injury was, under the circumstances, one of the assumed risks incident to his employment.

As our conclusion is that the death of the plaintiff's husband was due to a cause the risk of which was assumed by him, the judgment is reversed.

*For affirmance*—THE CHANCELLOR, KALISCH, BLACK, VAN BUSKIRK, DEAR, JJ. 5.

*For reversal*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, WHITE, McGLENNON, KAYS, HETFIELD, JJ. 11.