## NORFOLK & W. Ry. CO. v. KRATZER.

Circuit Court of Appeals, Sixth Circuit.
January 24, 1930.

No. 5104.

Knappen, Circuit Judge, dissenting.

Burton P. Hollister, of Cincinnati, Ohio (Henry Bannon, of Portsmouth, Ohio, and F. M. Rivinus, of Philadelphia, Pa., on the brief), for appellant.

Allen Roudebush, of Cincinnati, Ohio, for appellee.

Before MOORMAN, HICKS, and KNAPPEN, Circuit Judges.

HICKS, Circuit Judge. Action by defendant in error, Kratzer, herein called plaintiff, to recover damages of plaintiff in error, the Norfolk & Western Railway Company, herein called defendant, for personal injuries. The suit was brought under the Ohio Railroad Employers' Liability Act (Ohio Gen. Code, § 9017, subd. 2). The only question is whether the court erred in denying defendant's motion for a directed verdict.

The main line of defendant's road runs almost east and west through Winchester. The track is straight and crosses at least three streets of the village. The depot is on the south side of the main track. Opposite the depot is a side track branching from the main about 700 feet east of the station. A

"wye" track and three additional tracks lead from the siding in the station grounds.

Plaintiff was an experienced engine tender. At about 5:25 p. m. September 3, 1926, a work train engine was placed on the "wye" by Plummer, the engineer, and turned over to plaintiff for the night. Plaintiff and Plummer "blocked" the engine; that is, put wooden blocks, picked up nearby, under the drive wheels to prevent the engine from creeping. Coonriver, the conductor, observing that the engine was too close to a building, directed the plaintiff to move it, whereupon Plummer said to plaintiff: *"Now these"* (the blocks under the drive wheels) *"are not substantial enough for the second blocking and you will have to look up other blocks."* (Italics ours.)

■ About 10 o'clock, because it was lighter in that direction, plaintiff walked eastwardly upon the side track in search for blocks. He continued upon the side track and main track until he had passed somewhat beyond Jefferson street crossing. His search fruitless, he started upon his return, and walked along upon the right side of the main track, evidently upon the ends of the ties, until, near midnight, at a point about 150 feet east of the Jefferson street crossing and just as he began to stoop to remove something from his shoe, he was struck on the hip by the engine of a through freight going west. He did not see or hear the train, and neither the engineer nor fireman saw him. The electric headlights were burning brightly, and the train running slightly upgrade at about 15 miles per hour and presumably on schedule. It is practically undisputed that the engineer and fireman at the point of the accident were watching the block signal at the station about 900 feet away. They were also looking to see if the operator would come out with orders. On approaching the station, the fireman did receive the orders, the block cleared, and the train proceeded. We think that the defendant was entitled to a directed verdict. Negligence was the gravamen of the action and none was shown.

Readily assenting that Plummer and Coonriver were superior servants of plaintiff (Ohio Gen. Code, § 9016; Railroad v. Pero, 65 Ohio St. 608, 63 N. E. 1132, affirming same case in 22 Ohio Cir. Ct. R. 130, 12 O. C. D. 25), the fact is that neither directed him to go upon the tracks. He went there of his own choice. He advances no reason, and none except that of convenience can be inferred, for walking the track, instead of along its side. But, assuming that walking on the track was incidental to his search, the situation did not reasonably require that plaintiff's superiors, even if they were themselves aware of it (which they were not), should notify those in charge of approaching trains of his presence. The track was straight; the night was clear and still; there was nothing to interfere with plaintiff's vision or hearing. There is no evidence of any custom to warn, or any manner by which warning might have been given. Under such circumstances, defendant was entitled to expect that plaintiff protect himself. Chesapeake & Ohio Ry. Co. v. Annie Nixon, 271 U. S. 218, 219, 46 S. Ct. 495, 70 L. Ed. 914; DeBaur v. Lehigh Valley R. Co. (C. C. A.) 269 F. 964, 967; Buss v. Chicago, R. I. & P. R. Co., 77 Okl. 80, 81, 186 P. 729; Tsiampras v. Union P. R. Co., 104 Neb. 205, 209, 176 N. W. 366.

■ Neither may it be said that the trainmen were negligent. They had no reason to anticipate that plaintiff would be out upon the track at least 900 feet away from his engine around midnight. The engineer and fireman were justified in honoring the signals at the station. This was not negligence; it was their duty. Controverted questions as to whether the engine blew for the station or the crossings are not determinative. The station signal was for the operator, and the crossing signals for the protection of travelers. Neither was intended for plaintiff. His action lies only for a breach of duty to him. Norfolk & Western Ry. Co. v. Gesswine, 144 F. 56, 60 (C. C. A. 6). See, also, C. & O. Ry. Co. v. Mihas, 280 U. S. 102, 50 S. Ct. 42, 74 L. Ed. ——, decided November 25, 1929.

■ That plaintiff's situation was attended with some danger cannot be gainsaid. So is that of every one upon a railroad track. However, such danger was only that usually and normally incidental to such environment, and the law requires that he assume the risk of it. He was aware, not only as a matter of common knowledge, but as the outgrowth of experience, that a train was likely to approach at any time. Toledo, St. L. & W. R. Co. v. Allen, 276 U. S. 165, 171, 48 S. Ct. 215, 72 L. Ed. 513; Aerkfetz v. Humphreys, 145 U. S. 418, 420, 12 S. Ct. 835, 36 L. Ed. 758; Connelley v. Pa. R. Co. (C. C. A.) 201 F. 54, 65, 47 L. R. A. (N. S.) 867. We do not overlook Southern Ry. Co. v. Smith, 205 F. 360, 361 (C. C. A. 6). We do not think it controls. That was a case where "unusual conditions" tended to interfere with the vision and hearing of the employee and therefore placed a concurrent obligation upon the employer to keep a lookout. The extraordinary conditions were a "drifting" engine, an oil headlight dimmed by surrounding elec-

tric lights, and a passing train. Many cases might be cited in which unusual weather conditions were controlling elements. In other cases noise was a factor and in others intervening objects. These are only illustrative, and serve to differentiate Kratzer's case, wherein nothing tended to interfere with either his sight or hearing or to confuse his faculties, a situation clearly recognized in Southern Ry. Co. v. Smith, supra, wherein it is said with respect to the train operatives "these unusual conditions tend to increase or make active this duty which we have called secondary, *and which, under other conditions, might remain wholly latent.*" (Italics ours.)

The judgment is reversed, and the case remanded for a new trial.

KNAPPEN, Circuit Judge (dissenting). This case presents the single ultimate question whether the trial court properly overruled the motion made at the conclusion of all the testimony, to direct verdict for defendant. The court's action was correct, and the case was properly submitted to the jury, *unless there was an entire absence of testimony which, if believed, would justify recovery under the applicable law.*

There was substantial evidence supporting a conclusion that plaintiff was, when hurt, in the performance of his duties as engine tender and caretaker, and was thus not a trespasser, to whom defendant would owe no duty, except of not wantonly injuring him. There was also express testimony that the defendant's freight engineer and fireman, who testified they did not see plaintiff on the track, could have seen him, had they looked, even when several hundred feet away, and in ample time to warn him of his peril; also that whistle was not blown or bell rung in the vicinity of the accident, at crossings or elsewhere, or any attempt made to warn plaintiff. On this hearing we must accept (as it was the duty of the trial court to accept) the view of the evidence most favorable to plaintiff. We cannot (nor could the trial judge) weigh the evidence or pass upon the credibility of witnesses. Worthington v. Elmer (C. C. A. 6) 207 F. 306, 308; Crucible Steel Co. v. Moir (C. C. A. 6) 219 F. 151, 153; Burton v. United States, 202 U. S. 344, 373, 26 S. Ct. 688, 50 L. Ed. 1057, 6 Ann. Cas. 362.

The instant case was submitted to the jury squarely upon the propositions that the enginemen "are required to keep only such lookout as reasonably prudent engineers and firemen would keep under the same surrounding circumstances, * * * and that it is for the jurors to say whether or not, at the time of night when this accident happened, under all of the surrounding circumstances, this engineer and fireman used that reasonable care which other reasonable men would use and consistent with their other duties." The question of due care was thus properly submitted.

If it be suggested that at common law plaintiff might be considered guilty of contributory negligence, and so disentitled to recover, it seems enough to say that under the Ohio railway statute contributory negligence of a plaintiff does not bar recovery, unless, in the opinion of the jury, the plaintiff's negligence is greater than the defendant's, and that "all questions of negligence and contributory negligence shall be for the jury." Gen. Code Ohio, § 9018. We have held that this statute has abolished the defense of contributory negligence as an absolute defense in bar, and substituted therefor the rule of comparative negligence. Erie R. Co. v. White (C. C. A. 6), 187 F. 556, 558.

In the instant case the question of contributory negligence was properly submitted to the jury. It seems clear that the judgment below must be affirmed, if the decision of this court in Southern Ry. Co. v. Smith, 205 F. 360, is to be respected. Headnote No. 1 thus states the controlling proposition of law: "While it is primarily the duty of a switchman in railroad yards to be on the lookout and keep out of the way of moving engines, there is a concurrent or secondary duty, independent of statute or rule, on the part of those in charge of such moving engines to keep such lookout as is reasonably necessary to avoid injury to an employee who may neglect to protect himself, and the extent of such duty is measured by the peculiar circumstances of the case." While there were in the Smith Case "unusual conditions" tending to interfere with the hearing and vision of the employee, the proposition of law declared was not limited to unusual conditions in the respect just mentioned.

The cases cited in that opinion lend it substantial support. In Northern Pacific Ry. Co. v. Craft (C. C. A. 9), 69 F. 124, 128, recovery by a car accountant for the negligence of the locomotive engineer in running over plaintiff while on duty in the railroad yards was affirmed. The alleged negligence consisted in not ringing a bell or having sufficient lights displayed, or giving warning or keeping lookout on the track in front. The suit seems to have been a common-law action. The court said: "Since there was evidence, therefore, tending to show that proper pre-

caution was not taken while the engine was being driven through the yards, the case was properly submitted to the jury to decide whether the death of the plaintiff's intestate was attributable to the negligence of the defendant's servants. The deceased was not a trespasser upon the track. He was lawfully there in the discharge of his regular duties, and *the defendant's employees owed him proper vigilance and care."* (Italics mine.) See, also, McMarshall v. Railway Co., 80 Iowa, 757, 761, 45 N. W. 1065, 20 Am. St. Rep. 445, also Schlereth v. Railway Co., 115 Mo. 87, 21 S. W. 1110, also L. & N. Ry. Co. v. Johnson's Adm'x, 161 Ky. 824, 171 S. W. 847, all of which are directly in point.

In the case of Snyder v. Railway Co., 60 Ohio St. 487, 496, 497, 54 N. E. 475, which was an action to recover damages for the negligence of defendant's trainmen in running its train over the defendant's station agent—decided several years previous to Southern Ry. Co. v. Smith, but not cited therein—it was held by the Supreme Court of Ohio, whose statute is here involved, under circumstances in many respects similar to those existing here, that the railway company was under the duty to make such provision for the safety of its employees as would afford a reasonable protection against the dangers incident to their work, and that the failure to take such reasonable care for plaintiff's safety was negligence on the part of the company—plainly meaning actionable negligence. True, the petition there in question further alleged that those operating the train "with knowledge that decedent was upon and crossing the tracks, * * * and without keeping a lookout, negligently ran the train upon and over decedent." But it would appear that this last allegation was not relied upon to sustain original liability of defendant, but to relieve plaintiff from the rule of contributory negligence as defeating recovery. See pages 496, 497, of 60 Ohio St., 54 N. E. 475, 477. The Ohio contributory negligence statute already referred to herein had not then been passed. It will be borne in mind that in the instant case not only was the freight train *not* engaged in *yard work,* of any kind, but was actually being operated as a regular train, and that plaintiff had nothing to do with the movement of the freight train.

Our Southern Railway Co. Case has been cited in D., L. & W. Ry. Co. v. Hughes (C. C. A. 2) 240 F. 941, 943, which was an action for the death of a railroad switchman, in support of the conclusion that it is the duty of a railway company to give adequate warning to a switchman on the track in its yards of the approach of a train. The statement, supra, of this court in the Southern Railway Co. Case was quoted in full. While the D., L. & W. Ry. Co. Case was under the Federal Employers' Liability Act (as was also the Southern Railway Co. Case), we see nothing in that fact to distinguish them from the instant case.

Also distinctly in point is Frazier v. Interstate Railway Co. (C. C. A. 4) 264 F. 96, 98, where the question was whether a jury could draw a reasonable inference, from proof of the surroundings in which deceased was working in the yards of the defendant, that due care required notice to him by a light or lookout, or by sounding bell or whistle, of the approach of a freight car which killed him. Southern Railway Co. v. Smith was cited in support of the proposition (264 F. 98) that it was for the jury to say whether the proximate cause of the casualty was solely negligence of the defendant, or of the plaintiff, or of the two combined, or inevitable accident. Having in mind that the offending freight train was not engaged in yard work, and that those in charge thereof were in a department separate from plaintiff, I find nothing opposed to Southern Railway Co. v. Smith in the Supreme Court decisions in Houston Oil Co. v. Goodrich (Boldt Case) 245 U. S. 441, 38 S. Ct. 140, 62 L. Ed. 385, the Nixon Case, 271 U. S. 218, 46 S. Ct. 495, 70 L. Ed. 914, or the Allen Case, 276 U. S. 165, 48 S. Ct. 215, 72 L. Ed. 513. In each of those cases the ground of the decision was that the plaintiff *had assumed the risk* of the negligence complained of. This ground plainly has no application to the instant case; for under the Ohio railway act the engineer and fireman of the freight train *were not fellow servants* of plaintiff, and the latter did not assume the risk of their negligence in operating the freight engine. Section 9016 of the General Code of Ohio reads: "In actions against a railroad company for personal injury to a person while in its employ, * * * arising from the negligence of such company, or any of its officers or employees, in addition to other liability, it shall be held that every person in the employ of such company, with actual power or authority to direct or control another employee thereof is not the fellow servant, but superior of such other employee. Every person, also, in the employ of such company who has charge or control of employees in a separate branch or department, is to be held to be the superior and not fellow servant of employees in another branch or department, who have no power to direct or control in the branch or

department in which they are employed." Before the act of 1890 (87 Ohio Laws, p. 150), the common-law rule of assumption of risk prevailed in Ohio. See Kane v. Erie R. Co. (C. C. A. 6) 133 F. at page 684 et seq.

It is clear that the engineer of the freight train here in question was in his department a superior of plaintiff, and that the latter had no power to direct or control in the branch in which he was employed. The instant case is thus brought within the statute, not only by its prima facie construction, but by the decisions of the Supreme Court of Ohio and of this court. See Railroad Co. v. Margrat, 51 Ohio St. 130, 137, 37 N. E. 11, and Snyder v. Railroad Co., supra, respecting the relations between the station agent and the trainmen. Page 495 of 60 Ohio St., 54 N. E. 475.

Turning to the decisions of this court: In Erie R. Co. v. Kane, 118 F. 223, the provisions of section 9016 above quoted were construed by this court as in the Margrat Case in the Supreme Court of Ohio, and it was accordingly held that switching crews handling different trains in the same yard were engaged in separate branches or departments of the service. See, also, Kane v. Erie R. Co. (C. C. A.) 142 F. 682, 686, et seq. Therefore, assuming that the plaintiff would be within the rule of assumption of risk of *defects in track or equipment* of which he had notice (see Ohio Laws 1910, §§ 6242 to 6245 [101 Ohio Laws, p. 195]), it seems very clear that he did not assume the risk of the negligence of the engineer or fireman, or both, of the freight train. Defects in the premises, railroad machinery or appliances are not involved here. In the opinion in Southern Ry. Co. v. Smith, the Aerkfetz Case, 145 U. S. 419, 12 S. Ct. 835, 36 L. Ed. 758, was carefully distinguished by Judge Denison.

I find nothing in the later decisions of this court which by implication can be said to overrule Southern Railway Co. v. Smith. Railway Co. v. Zimmerman, 24 F.(2d) 23, was a yard case, and the prevailing opinion was based (as was the Aerkfetz Case, supra) largely upon a supposed lack of evidence, contained in an unsatisfactory record, that the death of the car inspector was caused by negligence, and that the verdict was thus purely speculative. The instant case is distinctly not a *yard case,* in the sense that the offending employees were engaged in yard

work. The Lutton Case (C. C. A.) 29 F. (2d) 689, was also a simon-pure yard case.

The decision in the instant case was rested squarely upon the proposition of fact stated in that case, and quoted in the early part of this dissent. No question of statutory liability to warn by bell or whistle, either at crossings or elsewhere, was involved. The sole basis of recovery was a common-law liability "to use such reasonable care as reasonably necessary to avoid injury to an employee who may neglect to protect himself," upon a basis substantially analogous to the general rule announced in Grand Trunk Railway Co. v. Ives, 144 U. S. 408, 12 S. Ct. 679, 36 L. Ed. 485, and numerous other cases. There seems nothing in the Norfolk & W. R. Co. v. Gesswine Case (C. C. A.) 144 F. 56, opposed to this view.

The jury found the facts in plaintiff's favor. Defendant made a motion for a new trial, which it formally withdrew. Doubtless the trial judge thought the evidence was ample to sustain the verdict; otherwise the latter would presumably have been set aside, especially in view of the motion to direct. I see no reason to think any injustice has been done defendant. It is one thing to say that a switch engineer is not required to look out for switchmen. To my mind, it is quite another thing to declare that the drivers of an engine hauling a freight train owe no duty to exercise reasonable care to avoid running over a switchman lawfully in the yard.

Nor do I see any force in the proposition that, in a case such as presented here, recovery can be permitted only on proof that the engineer and fireman *actually saw* plaintiff's danger in time to avoid running over him. This is not a case of "last clear chance," which is based on the proposition that, although defendant was not originally negligent, and although plaintiff's peril was caused by his own negligence, defendant would yet be liable if it discovered (or, as held by some courts, by the exercise of due care could have discovered) plaintiff's peril in time to prevent the accident. In the instant case, as in the Southern Railway Co. Case, the defendant is charged with *negligence directly causing* plaintiff's peril. I may add that in Schlereth v. Railway Co., supra, there was no allegation that defendant actually knew of plaintiff's danger.