EDWARD KELLY, PLAINTIFF-APPELLEE, v. CENTRAL RAILROAD COMPANY OF NEW JERSEY, A BODY CORPORATE, DEFENDANT-APPELLANT.

Submitted January term, 1935—Decided September 30, 1935.

Before Brogan, Chief Justice, and Justices Parker and Bodine.

For the defendant-appellant, *William F. Hanlon.*

For the plaintiff-appellee, *Theodore D. Parsons.*

Per Curiam.

This action brought under the Federal Employers' Liability act resulted in a judgment for $18,500. The plaintiff was a bridge carpenter. It was admitted that he was engaged in interstate commerce at the time of the injury. The accident occurred near the defendant's Atlantic Highlands freight station, which adjoins the so-called Stone Church Branch freight track. Beyond this is the main tracks and several sidings. The train involved was a regular passenger train slightly late, running on the main track at about twenty miles an hour in an easterly direction towards Atlantic Highlands. One hundred and thirty feet east of the freight station is Highland avenue, a public crossing. The passenger station is four hundred and twenty-three feet east of the freight station. A whistling board is one thousand three hundred and twenty-four feet west of Highland avenue. The accident occurred May 27th, 1932, at about nine o'clock in the morning (standard time).

The plaintiff testified that having finished work at the piers the foreman of the carpenter gang, in which he was working, told him to procure a flat push car and load the tools and some coal and take such articles to the work cars located some distance beyond the freight station on the spur track. The loaded car was pushed from the Atlantic Highlands pier down the tracks to a point about one hundred and fifty feet past the freight station on the spur, where further progress was blocked by an oil car. Beyond and west of the oil car stood

a number of other cars and the work cars. The gang took their tools and equipment and carried them to the work cars. Plaintiff started to procure a wheelbarrow to move the coal, and while crossing the main tracks at the freight station to procure the wheelbarrow, was struck by a train. He testified to making observation before attempting to cross and to seeing nothing and hearing neither bell nor whistle. There was corroboration as to the failure of the train engineer to give the customary warning for a crossing. The engine crew, however, testified that the whistle and bell were rung at the appropriate time, as required by rule and signal boards. Riding in the cab was a road foreman, who saw the plaintiff walk down the track and turn to cross in front of the oncoming train. Observing this, he sounded an alarm whistle which the plaintiff ignored. He then immediately applied the emergency brakes.

The plaintiff rested his right of recovery upon proof of a local custom to give warning signals while the train was proceeding "through the yard." Although the railroad business is not usually conducted by the blowing of whistles and ringing of bells, when there is no reason to expect that persons will be passing over main tracks (*Aerkfetz* v. *Humphreys,* 145 *U. S.* 418), still the evidence as to the local yard custom, though not very convincing, we think made the question of negligence one for the jury.

The failure to nonsuit or direct a verdict was not error. Where proofs are conflicting, a jury question is presented. There was testimony that a bell was usually rung in addition to the crossing bell while trains were going through the Atlantic Highlands yard, and that at the time of the accident no such warnings were given. The proofs were such that the jury could find the existence of such a custom and a breach of a duty arising therefrom the proximate cause of plaintiff's injuries.

The court's charge, as we read it in its entirety, properly presented to the jury the issues raised by the pleadings and proofs. It made it perfectly clear that the finding of negligence must be limited to the situation existing at the time and place of the injury. It could not be understood as per-

mitting a recovery except for the negligence complained of, if the jury should find it supported by the weight of credible testimony.

The judgment, therefore, will be affirmed.