### WIGHTMAN & HOUGH CO. v. NIVOIS.

(Circuit Court of Appeals, Second Circuit. February 18, 1920.)

No. 151.

1. Trade-marks and trade-names ☞9—"Yankee" held lawful trade-mark.

> The word "Yankee" *held* a lawful subject of appropriation as a trade-mark for cigarette cases.

2. Trade-marks and trade-names ☞61, 71—Use for different goods held infringement and unfair competition.

> Where complainant was granted by defendant an exclusive license to manufacture and sell cigarette cases under a patent, but limited to those made of certain metals, and built up a trade under the trade-mark "Yankee," and using distinctive ornamentation of the articles and marking of the containers, the use by defendant, on cases made and sold by himself of different metal, of the trade-mark, ornamentation, and marking of complainant, *held* an infringement and unfair competition.

Appeal from the District Court of the United States for the Southern District of New York.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Suit in equity by the Wightman & Hough Company against Victor Nivois. From an order denying a preliminary injunction, complainant appeals. Reversed.

The action is to restrain infringement of trade-mark and unfair competition. Defendant owned a patent on a cigarette case. In July, 1917, plaintiff became the exclusive licensee under said patent for the "manufacture and sale" of cases made under the patent, provided that said cases should be made only of "German silver, sterling silver, gold-filled, and solid gold, but no other metal or materials." Under the license agreement defendant became entitled to royalties guaranteed not to be less than $500 a year. Thereafter plaintiff manufactured under the license, advertised the cases so made, and has proved an existing business showing reasonable growth, until the defendant began to compete in the manner complained of.

Plaintiff's cigarette cases were sold under the trade-name of "Yankee," which name the defendant first suggested. They are ornamented externally and internally in a peculiar manner, and packed for distribution in a box displaying on its outside a picture of the cigarette case and the name "Yankee."

It is proved that defendant drew the license as he did because he expected and intended to make or have made cigarette cases under his patent of cheaper materials than those ordinarily used by plaintiff, whose business is largely that of jewelers. In 1919 defendant caused to be made and sold a cigarette case, said to be composed of brass coated with nickel, which he ornamented in substantially the same way as were plaintiff's "Yankee" cases; he called them by the name "Yankee," and packed each case for distribution in a box which is almost a fac simile of the one used by plaintiff. Thereupon this action was brought, and application made for injunction, which was denied. This appeal followed.

Albert M. Austin, of New York City (Irving M. Obrieght, of New York City, of counsel), for appellant.

Richard B. Cavanagh, of New York City (J. Granville Meyers and George G. Hyde, both of New York City, of counsel), for appellee.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). [1] In the absence of any showing of earlier appropriation, plaintiff had perfect right to use "Yankee" as a trade-mark for cigarette cases. Cf. Scandinavia, etc., Co. v. Asbestos, etc., Co., 257 Fed. 937, —— C. C. A. ——.

[2] That defendant suggested the name as a good one is immaterial. A trade-mark is appurtenant to a business, and the question argued at bar is: Whose was the business of dealing in "Yankee" cigarette cases? It is quite true that a trade-mark may belong to a dealer in, and not to the manufacturer of, the goods known by the trade-name (Menendez v. Holt, 128 U. S. 514, 9 Sup. Ct. 143, 32 L. Ed. 526), and defendant, who bought "Yankee" cases from plaintiff in considerable quantities, seeks to occupy that position. He is not sustained by the evidence; on the contrary, we find that the business of making and selling these articles was the plaintiff's business, and not the defendant's.

Nor is it material that the cases are made under a patent owned by defendant. A licensee may build up a business in the patented article and create a trade-mark by his efforts, which will even remain his after the expiration of the patent. President, etc., Co. v. Macwil-

liam, 238 Fed. 159, 151 C. C. A. 235. We regard it as shown clearly that defendant has made a cigarette case in appearance, ornamentation, dress, and packing exactly like plaintiff's. The only difference is that it is not composed of the materials specified in plaintiff's license. In other words he has waited until plaintiff's expensive article has become known and made a market for itself, and then imitated it in a comparatively cheap way.

It is urged that the copying of plaintiff's style of ornamentation is an appropriation of those nonfunctional features upon which stress has been so often laid in cases of unfair competition. It was pointed out in Crescent, etc., Co. v. Kilborn, 247 Fed. 299, 159 C. C. A. 393, that to enjoin such copying it must be shown that the ornamentation of plaintiff's article had become associated with the thing itself in the minds of the public; but we think the proofs in this case respond to that test.

The order refusing injunction is reversed, and the cause remanded, with direction to enjoin defendant until the further order of the court from all use of the trade-mark "Yankee" in connection with cigarette cases, further preventing him from making or vending cigarette cases ornamented either externally or internally as plaintiff's "Yankee" cases have been, or from in any way pretending or suggesting that any cigarette case made by him or for him by any manufacturer other than plaintiff is a Yankee cigarette case. We do not, however, think that at this stage of the case defendant should be enjoined from making cases under the patent in question composed of brass with nickel plating. Whether such an article is or can be said to be either of German silver or of an imitation of German silver is a matter to be left to final hearing.

Plaintiff will recover the costs of this appeal.