## FRAZIER v. INTERSTATE R. CO.

(Circuit Court of Appeals, Fourth Circuit. April 2, 1921.)

### No. 1875.

**Master and servant ☞236 (15)—Injury to brakeman stepping on track held due to his own negligence.**

Evidence that a brakeman on a freight train, which had stopped to cut out a bad-order car, was killed when he stepped on the adjoining track in front of another freight train, which he knew was following his train, and which he could have seen approaching, if he had looked, *held* to warrant court in instructing a verdict for defendant, though the other train had a car in front of the engine, which cut off the view of the headlight, but it was running slowly and ringing the bell, and had two men with lanters posted on the car.

In Error to the District Court of the United States for the Western District of Virginia, at Big Stone Gap; Henry C. McDowell, Judge.

Action by Lou Frazier, as administrator of James L. Frazier, deceased, against the Interstate Railroad Company. Judgment for defendant on a directed verdict, and plaintiff brings error. Affirmed. Certiorari denied 255 U. S. ——, 41 Sup. Ct. 624, 65 L. Ed. ——.

William H. Werth, of Tazewell, Va., for plaintiff in error.

J. F. Bullitt, of Philadelphia, Pa. (James L. Camblos, of Norton, Va., and Bullitt & Chalkley, of Big Stone Gap, Va., on brief), for defendant in error.

Before KNAPP and WOODS, Circuit Judges, and ROSE, District Judge.

WOODS, Circuit Judge. Under a former writ of error a judgment sustaining a demurrer to the declaration was reversed; this court holding that the facts alleged concerning the death of plaintiff's intestate, James L. Frazier, if proved, would warrant a verdict that his death was due to the negligence of the defendant. Frazier v. Interstate R. Co. (C. C. A.) 264 Fed. 96. The evidence on the trial failed to sustain the allegations of the complaint, and we think the court was right in instructing the jury to find for the defendants.

The case before the jury was this: James L. Frazier was regularly employed by defendant, Interstate Railroad Company, as car inspector; but he was familiar with the duties of a brakeman, and when called on served in that capacity. On the night of November 28, 1917, he was called to act as brakeman on freight train No. 8, and with alacrity undertook the service. For the purpose of cutting out a bad-order car, train No. 8 went into the defendant's Andover yard; the engine heading west. In the yard were the main line and a number of switching tracks. No. 8 was on the track next to the main line. Frazier, acting as head brakeman, rode on the pilot of the engine, out of view of the engineer, to the point where the car was to be cut out. There he went to the bad-order car, uncoupled it, walked a few paces to and upon the

main line, and was run over and killed by a car on freight train No. 5, also running west on that track.

The crew on No. 8 knew that No. 5 was just behind, headed in the same direction, and that it would probably approach and pass while they were engaged in cutting out the bad-order car. It was therefore incumbent upon Frazier, as one of the crew of No. 8, to be on the lookout for No. 5. He was not advertent to this duty, for after uncoupling the bad-order car he walked over to the main line track, where he should have expected No. 5, looking in the opposite direction. Had he even glanced to the east, he would have seen the approaching car.

On the other hand, the engineer and crew of No. 5 had a right to expect the crew on No: 8, which had just passed them and stopped, to be on the lookout for the approach of their train. It is true that there was a freight car in front of the engine of No. 5, which obscured the headlight; and when the warning of the headlight is absent such a movement at night requires precaution for the protection of men working in the yard. But in this instance all reasonable precautions were taken. The train was going only 3 or 4 miles an hour, the bell was ringing, and two men with lanterns were stationed as lookouts on top of the moving car, as near to the end as they could stand with safety. They did not see Frazier, probably because he stepped on the track so near to the car as to be behind their angle of vision. It may be that the sound of escaping steam prevented Frazier from hearing the bell. Yet the conclusion cannot be escaped that he would have heard the signals, and seen the lights and the approaching train, if he had been the least advertent to the presence and probable approach of train No. 5. His death was plainly due to this inadvertence on his part, and not to any negligent act or omission of the defendant.

The proof distinguishes this case from the authorities cited in the opinion on the demurrer in 264 Fed. 98, and brings it clearly within the principle of Aerkfetz v. Humphreys, 145 U. S. 418, 12 Sup. Ct. 835, 36 L. Ed. 758, and many like decisions.

Affirmed.