**AMERICAN–MARIETTA COMPANY,**
Plaintiff,

v.

**Harry KRIGSMAN and Harold Miller,
d/b/a Jamick Manufacturing Co.,**
Defendants.

Civ. A. No. 19150.

United States District Court
E. D. New York.

March 10, 1959.

Alexander, Maltitz, Derenberg & Sullivan, New York City, for plaintiff. Louis Kunin, New York City, R. Howard Goldsmith, James W. Clement, Schneider, Dressler, Goldsmith & Clement, Chicago, Ill., of counsel.

Kenyon & Kenyon, New York City, for defendants. Ralph L. Chappell and Richard A. Huettner, New York City, of counsel.

BYERS, Chief Judge.

This motion was noticed for March 2, 1959, wherein an order is sought pursuant to Rules 52 and 59, F.R.Civ.P. 28 U.S.C.A. amending certain of the findings and conclusions contained in the court's opinion dated December 22, 1958 (168 F.Supp. 645).

Perhaps it is authorized by so much of subdivision (a) of Rule 52 that says with respect to findings:

"* * * in granting or refusing interlocutory injunctions the court shall similarly set forth the findings of fact and conclusions of law which constitute the grounds of its action."

The decision was dated December 22, 1958 but the order was signed on January 13, 1959 and the notice of this motion is dated January 22, 1959 (namely, within ten days).

Conformity to Local Rule 9(h) concerning motions for reargument which must be made within fourteen days after the court's determination, is not sought to be shown, since that period expired on January 5, 1959.

So far as strict reargument is concerned, this dereliction would be sufficient to support a dismissal of the motion.

It is not proposed to restate the matters contained in the said opinion except as they are now challenged:

On page 647, the second complete paragraph in the right-hand column, reads:

"The situation confronting Greenleaf upon receiving notice of the cancellation of the license by plaintiff, was that he had facilities for the production and sale in the United States, of the mop which he had been making and selling in Canada, which was identical with 'O'Cedar 76.'"

Broadly speaking, he had facilities, namely corporate facilities, but he was not equipped to manufacture locally and sell at the time to which the foregoing language refers.

The word "had" before the word "facilities" is withdrawn, and the words "needed manufacturing" are substituted.

The second proposed amendment is the addition to the above paragraph of the words:

"and which Greenleaf had been selling in Canada, but only in Canada, since 1949."

If the foregoing is deemed important for clarification, there is no reason why the quoted words should not be added to that paragraph of the opinion.

As to these two changes, the motion under Rule 52(a) is granted.

The balance of the motion is addressed to the proposition that so much as follows a tabulation of the issues (page 648, right-hand column) should be recast and

772

reworded so as to grant to plaintiff the full relief that it sought by way of temporary injunction.

The burden of the argument is that the court has failed to grasp the factual situation, and is mistaken as to the applicable law. Perhaps the plaintiff is right on both grounds, but correction will have to be accomplished by mandate of a reviewing court.

Stated in lowest terms, the plaintiff argues that Greenleaf should not be permitted to make and sell in the United States the mop which he designed and licensed the plaintiff (its predecessor) to manufacture and sell, because the latter built up a flourishing business over the years; that by extensive advertising and efficient sales methods, plaintiff created a secondary meaning for the mop under the trade mark "O'Cedar."

This contention means that plaintiff's mop itself is necessarily to be protected from competition by the defendant in this country, by reason of the value of the trade mark, although no infringement thereof is involved.

If that is the law, it can be so established in a decree on final hearing, but not as a matter of adjudication pendente lite, in the opinion of this court.

The affidavits of alleged incidents said to have occurred some three weeks after the date of the said opinion and which are controverted in part at least, do not add anything of real substance to the controversy.

Even the statements attributed by those affidavits to the defendant's representative are not false in themselves but, by reason of all attendant circumstances, the utmost that could be argued is that they lack complete circumspection if competition is to be maintained at the highest levels of commercial solicitation. They fall far short of indicating unfair competition.

The citations of Wightman & Hough Co. v. Nivois, 2 Cir., 264 F. 98, and the Morse-Starrett Products Co. v. Steccone (Steccone case), D.C., 86 F.Supp. 796, do not aid the plaintiff on this motion.

In the first, the use of the word "Yankee" and the form of trade wrapping were enjoined. So much was granted to this plaintiff in the decision now sought to be changed.

As to the second, the facts are quite foreign to those here involved; in addition, it was the defendant in that case, the original licensor, who terminated that license.

Here it was the plaintiff who brought the relationship of licensor and licensee to an end, and now seeks to use that action to deprive the defendant of an opportunity to compete in the market for this form of mop, although the subject-matter is a product of which the defendant was the original designer.

The plaintiff's reliance upon secondary meaning is difficult to follow. The mop now being manufactured and sold under the designation "New O'Cedar 76 Sponge Mop" purports to be a new model evolved in 1958 to take the place of the former product made and marketed under the license which plaintiff cancelled.

To assert a secondary meaning attaching to the new model during the few months that elapsed between its advent and the filing of this complaint, can scarcely be taken seriously. If it be conceded that the new model differs in no visible respect from the former licensed device, that would expose an advertising inconsistency on the part of the plaintiff, without creating a legal status concerning the discarded product.

The secondary meaning concept as presently understood, cannot be given so attenuated a sanction.

After all, the plaintiff is in a court of equity wherein it is required to weigh the probable effect of granting a temporary injunction as sought by a plaintiff, with the hardship upon a defendant whose business is thus sought to be restrained, having in mind all of the circumstances thus far brought to light. Those circumstances as presently understood, are not inconsistent with overreaching on plaintiff's part.

The court was unwilling to decide in limine the probable outcome of the case on final hearing. That decision is adhered to, and except as indicated above the plaintiff's motion is denied.

Settle order.