**PITCAIRN v. HAYES.**

No. 7961.

Circuit Court of Appeals, Sixth Circuit.

Dec. 13, 1939.

Gustavus Ohlinger, of Toledo, Ohio (Smith, Beckwith, Ohlinger & Froehlich, of Toledo, Ohio, on the brief), for appellants.

Walter Eversman, of Toledo, Ohio (Edward B. Henslee, of Chicago, Ill., and Williams, Eversman & Morgan, of Toledo, Ohio, on the brief), for appellee.

Before ALLEN, HAMILTON, and ARANT, Circuit Judges.

ALLEN, Circuit Judge.

This is an appeal from a judgment rendered upon jury verdict in an action for personal injuries brought under the Employers' Liability Act, 45 U.S.C.A. § 51 et seq. Appellee was an employee of appellants, receivers of the Ann Arbor Railroad Company, and at the time of the injury was engaged in switching operations over State Street in the city of Ann Arbor, Michigan. The street runs due north and south, and the tracks of the railroad at that point are straight, running northwest and southeast. The train had been cut sixteen cars back of the engine, and appellee, who was the brakeman in charge of the switching operation, signaled from the south side of the train for the engineer to pull ahead, and stepped upon the rear footboard of the tender of the engine. It was appellee's duty to protect the traffic upon State Street, and for that purpose he needed to alight at State Street. The train moved east, reaching a speed of ten miles per hour. Appellee's statement concerning the accident is as follows:

"Q. Tell us what you did as you approached State Street. A. It was so dark that I leaned out to see when I was approaching State Street. I leaned out and looked ahead into the headlight, because after the headlight passed, you could not see anything. When I thought I was coming up State Street on to the crossing, I wanted to get off at about the middle, where I usually did. And when I thought I was coming up on to the raise the highway makes from the lower ground, I started to put my foot down to feel where the ground was, as is the customary thing when you cannot see, to feel where you are going; and just as I moved my foot, it was caught.

"Q. Caught on what? A. Caught on a crossing plank, the end.

"Q. Tell us what happened. A. I was jerked off. I didn't have time to make any movement or anything. My foot stayed there. Of course the engine kept on going. The corner of the next car hit me in the back and put me down flat. I didn't have a chance to throw myself out. I tried to, but this other car coming on kept me from throwing myself out. Then I fell on my face with my arms spread out. I tried to roll out. I could not get it all out."

The wheel of the following car went over appellee's left forearm.

While the testimony as to the condition of the crossing plank is in conflict, three disinterested witnesses stated that the plank was warped and that it protruded above the level of the top of the rail. The jury, in answer to interrogatories submitted to it by the court, found that negligent conduct on the part of the appellants and contributory negligence on the part of appellee "contributed a part each of the direct and proximate cause of the plaintiff's [appellee's] injuries," and also found that the negligence of appellee was four-fifths in proportion to the negligence of appellants, and that of the appellants was one-fifth. The amount of the verdict was $10,000.00.

We think that the verdict is not supported by the evidence. The crossing plank was on the southwest side of the crossing and was south of and next to the south rail of the track. It was six feet long, four inches thick, and from ten to twelve inches wide. The tender, on the back of which appellee stood, was ten feet wide and the inside gauge of the track is four feet eight and a half inches. The overhang of the tender outside of the edge of the rail is at least two feet six inches. The footboard overhung the rail twenty-four inches. The inescapable conclusion is that as appellee's right foot touched the end of the crossing plank which was from ten to twelve inches wide and next to the rail, he must have put his foot down directly between the tender and the car to the rear, which was approximately nine feet wide. The tender had a stirrup and grab-handle in a position of safety on the side, which appellee might have used. He himself stated that in alighting it was the object to step away from the train, but the undisputed measurements show that he must have stepped between the engine and the car. In no other manner could appellee have caught his foot on a

plank that did not extend more than twelve inches from the side of the rail. It follows that the injury was caused by the sole negligence of the appellee. Hylton v. Southern Ry. Co., 6 Cir., 87 F.2d 393; Norfolk & Western Ry. Co. v. Kratzer, 6 Cir., 37 F.2d 522.

The judgment is reversed and the case is remanded for new trial.